### 7612.  PEEPLES et al. v. BERRIEN COUNTY BANK.

1. The materiality of an alleged alteration of a promissory note is a question of law for the court.
2. An alteration in a promissory note must be made with intent to defraud, before it will void the entire contract.
3. Under no view of the evidence could the defendants' plea be sustained, and the court did not err in directing a verdict for the plaintiff.

DECIDED FEBRUARY 16, 1917.

Complaint; from city court of Nashville—Judge Christian. May term, 1916.

J. A. Alexander, J. A. Buie, for plaintiffs in error.

W. R. Smith, contra.

LUKE, J. 1.  Berrien County Bank instituted suit against T. M. Peeples, as principal, and N. T. Peeples and I. C. Avera as sureties, on a promissory note originally executed and delivered to Farmers State Bank of Nashville, and held by the plaintiff as purchaser for value before maturity.  The note was for $1,856.50, and above the figures in the left-hand corner of the note appeared a notation as follows:  "Discount $192.00."  The defendants admitted the execution of the note, but pleaded that it was infected with usury, for which a set-off was prayed by the maker; the sureties alleged that they had no knowledge of the usury charged, and pleaded that they were thereby discharged as sureties.  The defendants further pleaded that the plaintiff was not a holder of the note for value; that the note had been changed, in that a "discount of $192 was added;" and that this was a material alteration and a forgery.  After the introduction of evidence by both sides the court directed a verdict in favor of the plaintiff; and to this the defendants except, upon the grounds that the evidence showed that the note had been altered, and that it was infected with usury, known to the plaintiff at the time of purchase.

Under no view of the evidence did the defendants sustain their plea of usury. Did the notation, "Discount $192.00," amount to a material alteration of the note? "If a written contract be altered intentionally, and in a material part thereof, by a person claiming a benefit under it, with intent to defraud the other party, such alteration voids the whole contract, at the option of the other party. If the alteration be unintentional, or by mistake, or in an immaterial manner, or not with intent to defraud, if the contract as originally executed can be discovered and is still capable of execution, it will be enforced by the court. If the alteration be made by a stranger, and not at the instance or by collusion of a party or privy, if the original words can still be restored, the contract will be enforced." Civil Code of 1910, § 4296. The materiality of an alteration is a question of law for the court to pass upon. Civil Code of 1910, § 4297. This contract was not changed in its terms by the simple notation "Discount $192.00." The evidence in no way sustaining the plea of the defendant as to the ownership of the note or the plea of usury, and the materialty of the alleged alteration being a question of law for the court, and the court having correctly determined that the alteration alleged, if an alteration at all, was not material, the direction of a verdict in favor of the plaintiff will not be disturbed.

*Judgment affirmed. Wade, C. J., and George, J., concur.*