### 54279. GREEN v. DECATUR FEDERAL SAVINGS & LOAN ASSOCIATION.

Deen, Presiding Judge.

1. This is a declaratory judgment action seeking to have a promissory note in the principal sum of $55,000 with interest at 10 percent per annum, secured by real estate, declared usurious. The complaint was filed on September 3 and served on the defendant September 10, 1976. The answer was filed October 11, October 10, 1976, being a Sunday. The defendant was not in default. Code §§ 81A-112 (a), 102-102 (8), 81A-106 (a). Declaratory judgment actions are covered by the time limits stated in the Civil Practice Act.

2. The 10 percent interest rate would normally be usurious under the provisions of Code Ann. § 57-101 which now sets a nine percent interest ceiling on loans where real property is given as security. The defendant, however, urges that it proceeded under authority of 12 USCA § 1730 (e) and the central issue is whether the plaintiff's contention that this statute is inapplicable is

justified.

(a) If the statute is applicable 10 percent is the proper interest rate, it being not more than 5 percent in excess of the discount rate specified for Federal Reserve Banks on the date of execution.

(b) The loan must be a business or agricultural loan in the amount of $25,000 or more. The amount is adequate. The loan disbursement statement shows the type of loan as "Permanent Commercial." The computation sheet, which is headed: "Loan Closed under Rate Authority of P. L. 93-501" states that the loan is for a business purpose, and this is nowhere controverted by the complainant. Accordingly, the conditions necessary to bring the federal Act into play have been met.

(c) Under the above circumstances the Act applied "notwithstanding any State constitution or statute, which is hereby preempted for the purposes of this Section." 12 USCA § 1730 (e) (a). We find nothing in the federal statute limiting its application to short term loans, although it is true that the interest formula specifies a rate of not more than five percent in excess of the discount rate on ninety-day commercial paper in effect at the Federal Reserve Bank in the designated district. This appears to be for purposes of computation only.

(d) The note was executed October 28, 1975. 12 USCA § 1730 (e), was to remain in effect until August 1, 1977 "or the date after the date of enactment of this Title [October 29, 1974] on which the State enacts a provision of law which prohibits the charging of interest at the rates provided in the amendments made by this Title." It is contended that changes in Georgia law during this time have had the effect of nullifying the preemption of federal law in the event this court finds that such preemption in fact took place.

Code § 57-101, setting the maximum rate of contractual interest at eight percent, was in effect throughout this century until Ga. L. 1975, p. 370, which in section 1 struck the section and re-enacted it in haec verba except for the increase of contractual interest rate from eight to nine percent. Code § 57-101.1 has been on the books since 1969 and the only change after the enactment

of 12 USCA § 1730 was the amendment (without striking any part of the previous statute) of a new subsection (e) relating to payment of intangible recording tax. Neither of these statutory changes can be construed as prohibiting the application of interest rates set out in the federal law. "It has been often held that where one statute expressly declares that an existing statute is repealed, and, at the same time, re-enacts its provisions, or declares that a portion of another statute is repealed and re-enacts such portion thereof, the re-enactment neutralizes the repeal, so far as the old law is continued in force. The old law operates without interruption where the re-enactment takes effect at the same time as the repeal." *Webb v. Echols,* 211 Ga. 724, 727 (88 SE2d 625).

The trial court properly granted the defendant's motion for summary judgment.

*Judgment affirmed. Webb and Birdsong, JJ., concur.*

ARGUED SEPTEMBER 6, 1977 — DECIDED SEPTEMBER 30, 1977.

*Ralph Goldberg,* for appellant.
*McCurdy & Candler, George H. Carley,* for appellee.