## 56067. WHITESIDE v. DOUGLAS COUNTY BANK.

BIRDSONG, Judge.

Suit on note. Appellee brought suit against appellant seeking enforcement of a note in the amount of $68,943.37, plus interest and attorney fees as provided therein. The trial court granted summary judgment in favor of appellee, and Whiteside appeals. *Held:*

1. Appellant's motion to strike the order of the trial court dated January 30, 1978, is denied.

2. Enumeration of error no. 1 alleges that the trial court erred in denying appellant's motion to strike

affidavits presented by appellee in its motion for summary judgment.

All affidavits of the appellee were made based upon "personal knowledge" and each affidavit showed that the affiant was competent to testify. The affidavits satisfied the requirements of Code Ann. § 81A-156 (a). See also *Chandler v. Gately,* 119 Ga. App. 513 (167 SE2d 697); *Whiteside v. Douglas County Bank,* 145 Ga. App. 775 (245 SE2d 2). The trial court did not commit error in failing to strike appellee's affidavits which were made and used in support of its motion for summary judgment.

3. The second enumeration of error contends that there are substantial issues of fact to be determined by a jury and therefore, the motion for summary judgment should not have been granted. The appellant sets out several points he contends are issues of fact that should be determined by a jury. Appellant never denied having executed the note or having received notice of attorney fees; these facts are deemed admitted. Code Ann. § 81A-108 (d).

(a) Appellant contends that Ga. L. 1976, pp. 726, 727, required appellee to furnish him an itemized closing statement and failure to do so absolved appellant of his obligation on the note. No such requirement is contained in Ga. L. 1976, p. 726. This contention is without merit.

(b) Appellant insists that appellee failed to furnish appellant with a disclosure statement as required by the Truth-In-Lending Act (15 USCA § 1601 et seq.) and Federal Reserve Regulation Z. The above Act applies to consumer transactions defined in 15 USCA § 1602 (h) and Regulation 226 3(a). The affidavit of appellee affirmatively shows that the proceeds from the loan were deposited in the business account of the appellant and were not proceeds used primarily for personal, family, household, or agricultural purposes as set forth in the Act. Appellant by his affidavit did not in any way contest this issue.

(c) Appellant contends that there was an issue of fact as to whether or not the loan was usurious. It is undisputed that the interest rate charged was 10.5%. Public Law 93-501, § 202; "§ 24(a); 12 USCA § 1730 allows a state bank to charge on business or agricultural

loans in excess of $25,000 an interest rate of not more than 5% in excess of the discount rate on 90-day commercial paper. The affidavit of John Branscomb, assistant vice-president of the Federal Reserve Bank in Atlanta shows that on the date of the loan, the discount rate was 6%. This allowed the appellee to charge up to 11%, thus the 10.5% rate charged by appellee was not usurious. *Green v. Decatur Fed. Savings &c. Assn.,* 143 Ga. App. 368 (238 SE2d 740).

(d) Appellant further contends that appellee was required by Code Ann. § 92-125, to pay intangible tax and the failure to do so prohibited appellee from bringing an action on the note. However, the note in issue was executed on December 29, 1975, due 180 days from that date. Thus, the note was a short term real estate note within the meaning of Code Ann. § 92-163, and banks chartered under the laws of this state are exempt from tax on such notes. Code Ann. § 92-158. Appellee was therefore not required to pay intangible taxes. This contention is without merit.

(e) Appellant contends there is a factual question as to whether appellee accepted legal title to certain lands exclusive of personal liability of an individual. This contention has been decided adversely to appellant in *Pico v. Michel,* 138 Ga. App. 856, 857 (230 SE2d 488): " 'A creditor who holds a promissory note secured by a deed is not put to an election of remedies as to whether he shall sue upon the note or exercise a power of sale contained in the deed, but he may do either, or "pursue both remedies concurrently until the debt is satisfied".' "

(f) Appellant insists that the question of unjust enrichment is a question of fact to be decided by a jury. This issue has also been decided adversely to the appellant in the case of *U. S. Casualty Co. v. Peachtree Roxboro Corp.,* 103 Ga. App. 532, 533 (120 SE2d 161); *Trust Co. of Ga. v. S & W Cafeteria,* 97 Ga. App. 268, 283 (103 SE2d 63). Enumeration of error no. 2 is not meritorious.

4. Enumeration of error no. 3 contends that the trial court erred in holding that a change in the amount of money due on the note in the amount of $729.91 was not a material alteration of the note. The note in question was

made for the sum of $68,943.37. On the face of the note this sum had a single line through it and the sum of $69,673.28 written in. Also appearing on the face of the note was the date January 13, 1976, legal fees $334; February 19, 1976, tax $395.91. Adding these two figures to the sum of $68,943.37 gives a total of $69,673.28, the amount written in on the note. The affidavit of the president of the appellee bank shows that this was written in on the face of the note in the normal course of business after the note was signed, the bank having paid these sums for making a title check on the property. The appellee, in suing the appellant on the note, sued for $68,943.37 and not the sum of $69,673.28.

This court and the Supreme Court of this state have held that the alleged alteration of a promissory note is a question of law for the court. *Peeples v. Berrien County Bank,* 19 Ga. App. 319 (91 SE 436); *Winkles v. Guenther & Co.,* 98 Ga. 472 (25 SE 527). The trial court found as a matter of law that there was no material alteration of the note. The trial court being correct, enumeration of error no. 3 is without merit.

5. Enumeration of error no. 4 insists the trial court erred in holding that the only affirmative defense to a suit on a note is payment. This court has held many times that if the ruling of the trial court is correct for any reason, it will be affirmed. *Hill v. Willis,* 224 Ga. 263, 267 (161 SE2d 281); *Cannon v. Macon Fire &c. Board,* 137 Ga. App. 803, 804 (224 SE2d 851); *Weiss v. Gunter,* 144 Ga. App. 513, 514 (241 SE2d 623). As herein indicated, the trial court predicated its rulings on appropriate legal propositions.

6. Enumeration of error no. 5 alleges error of the trial court in granting summary judgment to appellee without ruling on the counterclaim of appellant, which involved allegations of usurious interest charges, violations of the Truth-in-Lending Act, and election of remedies. All allegations in appellant's counterclaim have been decided adversely to appellant. There being no merit in the appellant's counterclaim, the judgment of the trial court is affirmed on condition that the trial court enter an order dismissing the counterclaim; otherwise, the judgment is reversed.

*Judgment affirmed on condition. Bell, C. J., and*

*Shulman, J., concur.*

SUBMITTED MAY 23, 1978 — DECIDED JULY 10, 1978 —
REHEARING DENIED JULY 28, 1978 —

*William O. Green & Associates, William O. Green, Jr.,* for appellant.

*Dollar & Dettmering, W. O'Neal Dettmering, Jr., Thomas I. Kent, Jr.,* for appellee.