60316. SCOGGINS v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

SOGNIER, Judge.

Appellant Patricia H. Scoggins sustained injuries in an automobile collision which occurred on August 15, 1977. On June 26,

1979 she filed the instant action in the Superior Court of Fulton County, seeking damages based on the negligence of the driver and the owner of the vehicle which collided with hers, both of whom were residents of Fulton County.

On August 14, 1979 the trial court granted Mrs. Scoggins' motion to add her husband, Gary L. Scoggins, as a party plaintiff, and to amend the complaint to include a claim for loss of his wife's companionship. On the same date a "duplicate original copy" of the amended complaint was filed against State Farm Mutual Automobile Insurance Company pursuant to Code Ann. § 56-407.1 (d) as appellant's uninsured motorist carrier, to be served on State Farm's representative in DeKalb County. A "second original" summons was issued on August 15, 1979 by the Fulton County Clerk's office and transmitted to the DeKalb County Sheriff's Department, which served the complaint and summons on State Farm's representative on August 21, 1979.

State Farm responded and subsequently filed a motion for partial summary judgment, contending that the personal injury action against it was barred by the statute of limitation and additionally, that plaintiffs had failed to comply with Code Ann. § 81A-104 (c), which requires that service be perfected on a defendant within five days of receipt of the summons and complaint. The trial court found that "[p]laintiffs have been dilatory and have not been diligent in filing this action as to State Farm . . . and in perfecting service of the Amended Complaint on State Farm . . . within the two-year statute of limitations period for personal injuries;" and that there was no just reason for delay. The motion for partial summary judgment was granted and Mrs. Scoggins appeals. We reverse.

The collision which formed the basis of this suit occurred on August 15, 1977, so it was necessary that the suit be commenced no later than August 14, 1979. Code Ann. § 3-1004; *Houston v. Doe,* 136 Ga. App. 583 (1) (222 SE2d 131) (1975). Accord, *Clark v. Memorial Hospital,* 145 Ga. App. 305 (1) (243 SE2d 695) (1978); *Central of Ga. R. Co. v. Harbin,* 132 Ga. App. 65, 66 (1) (207 SE2d 597) (1974). Under the provisions of Code Ann. § 56-407.1 (d), supra, the uninsured motorist carrier "is entitled to notice of the pendency of the action on the same basis as though a defendant," and must be served within the time allowed by law for valid service upon the defendant in the case. *Vaughn v. Collum,* 136 Ga. App. 677, 679 (222 SE2d 37) (1975); affd. 236 Ga. 582 (224 SE2d 416) (1976).

" 'In this State the filing of the petition in the clerk's office will be considered as the commencement of the suit, if service is perfected as required by law . . . Filing followed by service creates a pending suit from the date of filing.' " *Hilton v. Maddox, Bishop, Hayton &c. Inc.,*

125 Ga. App. 423, 425 (188 SE2d 167) (1972). "Service is required to be made within 5 days (although not invalid where made later). Code § 81A-104 (c) . . . Where the statute of limitation accrues between the date of filing and the date of service, whether or not it relates back (if the service is more than five days after the filing) depends on the length of time and the diligence used by the plaintiff." *Bible v. Hughes,* 146 Ga. App. 769 (2) (247 SE2d 584) (1978). Accord, *Childs v. Catlin,* 134 Ga. App. 778 (216 SE2d 360) (1975); *Hunt v. O'Neal,* 143 Ga. App. 313 (238 SE2d 286) (1977).

We are not unmindful that the trial court has discretion to determine the cause of delay and the diligence exercised by the plaintiff, who has the burden of showing lack of fault, and if it is attributable to the plaintiff this court will not intervene. *Bible v. Hughes,* supra at 770. However, the findings of the trial court here are not supported by the record. Plaintiffs introduced an affidavit of a deputy clerk of the Superior Court of Fulton County which was uncontested by State Farm, attesting that to his personal knowledge a duplicate original complaint was filed against State Farm by the plaintiffs in that court on August 14, 1979. Therefore, the action was commenced within the statutory limitation period.

Once the plaintiffs filed the complaint against State Farm on August 14, 1979 as set forth in Code Ann. § 56-407.1 (d), and provided sufficient information to perfect service, both that provision and the pertinent process statutes place sole responsibility on the clerk to issue the necessary copies of the complaint and summons to the sheriff or marshal to accomplish service. Pursuant to Code Ann. § 81-221, the sheriff of the county where the suit is filed may serve a defendant residing within the state in any county of the state. *Bell v. Stevens,* 100 Ga. App. 281, 284 (2) (b) (111 SE2d 125) (1959). Accord, *Victoria Corp. v. Fulton Plumbing Co.,* 150 Ga. App. 540, 542 (2) (258 SE2d 252) (1979). The Fulton County clerk was also authorized under Code Ann. § 81-215 to issue and transmit a second original and copy of the complaint and summons to the DeKalb County sheriff for service of process. The fact that he elected to do so on August 15, 1979 indicates no lack of diligence on the part of the plaintiffs, who complied fully with the statutory requirements for filing by August 14, 1979.

Nor do we conclude that service upon State Farm on August 21, 1979 constituted such an unjust delay as to impute dilatoriness to appellant. Under Code Ann. § 81A-106 (a), in computing any period of time which is less than seven days, intermediate Saturdays and Sundays are excluded. *Warrick v. Mid-State Homes,* 139 Ga. App. 301 (228 SE2d 234) (1976). Accord, *Green v. Decatur Fed. &c. Assn.,* 143 Ga. App. 368 (1) (238 SE2d 740) (1977). In any event, by its own

terms the failure to make service within the five-day period prescribed by Code Ann. § 81A-104 (c) does not invalidate a later service. *Bible v. Hughes,* supra at 769 (2). See generally, Davis & Shulman, Ga. Prac. and Proc., § 3-8 (4th ed.).

It would seem to require no argument that the purpose of this and the other process statutes is to provide service and notice fairly without imposing undue penalties for technical or formal infractions. See also Code §§ 81-211, 81-220, and §§ 28-215, 81-221, supra. Thus, where it is shown that the plaintiff has "acted in a reasonable and diligent manner in attempting to insure that a proper service was made as quickly as possible," no dilatoriness or unjust delay can be attributed to the plaintiff. *Childs v. Catlin,* supra at 781. Compare *Early v. Orr,* 135 Ga. App. 887 (219 SE2d 622) (1975), where the plaintiff failed to show diligence and actual service was made some 70 days after the statute of limitation ran; *Bible v. Hughes,* supra, where plaintiff gave incorrect addresses of defendants and there was no service until 56 and 215 days after filing; *Webb v. Murphy,* 142 Ga. App. 649 (236 SE2d 840) (1977), where service 54 days after filing was held attributable to plaintiff's lack of diligence. Consequently, the trial court abused its discretion here in ruling that appellant was dilatory in filing the amended complaint against State Farm, and in perfecting service upon it. Thus, the grant of partial summary judgment to State Farm must be reversed.

*Judgment reversed. Deen, C. J., and Birdsong, J., concur.*

Argued July 8, 1980 — Decided November 12, 1980.

*Donald F. Walton, Warner R. Wilson, Jr.,* for appellant.
*Robert M. Travis, Robert L. Connelly, Jr.,* for appellee.