61436. MITCHELL v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was indicted, tried and convicted for unlawfully possessing and selling phencyclidine, a controlled substance, in violation of the Georgia Controlled Substances Act. He was sentenced to serve a term of 7 years in the penitentiary. A motion for new trial was thereafter filed, amended and denied. Defendant appeals. *Held:*

1. In consideration of the general grounds of the motion for new trial we have carefully considered and reviewed the entire record and transcript with particular reference to the conflicts between the evidence by the state and that of the defense of alibi. It thus clearly appears that the jury believed the state's witnesses and disbelieved the testimony offered on behalf of the defendant. Moreover, we find that a rational trier of fact could reasonably have found from the evidence adduced at trial beyond a reasonable doubt that defendant sold the controlled substance to the undercover agents who are witnesses against him. See *Driggers v. State,* 244 Ga. 160, 161 (1) (259 SE2d 133); *Moses v. State,* 245 Ga. 180, 181 (1) (263 SE2d 916); *Sanders v. State,* 246 Ga. 42 (1) (268 SE2d 628); *Jones v. State,* 154 Ga. App. 806, 807 (1) (270 SE2d 201). The general grounds of the motion for new trial are not meritorious.

2. In *Hubbard v. State,* 123 Ga. App. 597, 599 (1) (181 SE2d 890), this court determined that it was necessary that not merely the last name of the grand jurors be listed on the bill of indictment to avoid chaos and confusion. In that case, one of the grand jurors was only listed as "Mrs. Hammond." However, in the case sub judice

defendant's plea in abatement and motion to quash complains that one of the grand jurors was simply listed as "Mrs. Ed Brown" and same was legally insufficient. The same infirmity in the *Hubbard* case is not present here. At the hearing on the motion the state disclosed the certified copy of the master list of grand jurors bearing the name "Mrs. Ed C. Brown," along with her address. The trial court did not err in overruling the special plea in abatement and motion to quash the indictment for vagueness.

3. During the cross examination of a state's witness who, according to the assistant district attorney stating in a hearing out of the presence of the jury, had been instructed by counsel only to testify as to the purchase of phencyclidine involved in the case sub judice and not to discuss another purchase from defendant occurring on the same date, the witness was asked if he made any purchases on the 23rd of March, and he answered, "No, sir." At that point in time, the assistant district attorney interrupted the cross examination by stating there is a matter that needs to be brought out and "I feel like at the same time, that it's something that the defendant would not want to have brought out in front of the Jury, so I would ask —," at which time counsel for the defendant objected to the statement made by the assistant district attorney who then stated, "I will rephrase it," that is, "the State does not want the matter brought out in front of the Jury without presenting it to the Court first." Whereupon, the jury was excused and the objection was renewed with a motion for new trial, the defendant contending the jury had been irreparably prejudiced against the defendant because of the statement.

The court overruled the motion for mistrial but stated the court would instruct the jury to disregard completely the statement of counsel and reprimand counsel for making the statement and for the jury to disregard the statement. Whereupon, the jury returned and were instructed to "completely disregard, remove from your minds the statement made by Counsel for the State . . . relative to the defendant . . . [which] . . . has nothing to do with the issues in this case." The court then instructed the jury further "to disregard what . . . [state's counsel's] . . . conclusion was relative to this and I reprimand Counsel for making such a statement." The trial court, in exercising its inherent discretion, properly refused to grant the mistrial, instructed the jury to disregard the statement made and forthwith reprimanded counsel in the presence of the jury. The timely corrective action was sufficient to preserve the defendant's right to a fair trial, and there was no abuse of discretion. *Payne v. State,* 152 Ga. App. 471, 474 (4) (263 SE2d 251); *Aldridge v. State,* 153 Ga. App. 744, 745-746 (3) (266 SE2d 513). There is no merit in this enumeration of error.

4. The defendant here was charged with the possession and sale of phencyclidine but was not charged with possession and sale of phencyclidine hydrochloride, another controlled substance. However the state's witness testified that in testing the alleged substance purchased as "tea," it was a "dark green substance," whereas when it had been purchased it was white and that in his opinion the contraband was adulterated with other substances possibly having hydrochloric acid added which would cause same to form a hydrochloric salt. He did testify, however, that in his opinion the substance was "phencyclidine," and properly defined phencyclidine hydrochloride as a salt of phencyclidine.

Defendant now seeks to enumerate as error the overruling of his motion for directed verdict at the conclusion of the state's testimony based upon an alleged equivocal and vacillating testimony with regard to the identity of the substance allegedly involved in the instant proceeding. Defendant was charged with possession and sale of phencyclidine and the testimony proved same. There was no fatal variance between the allegations and the proof. The case of *Williamson v. State,* 134 Ga. App. 864 (216 SE2d 684) (involving an alleged violation of the former Georgia Drug Abuse Control Act (Code Ann. Ch. 79A-9, Ga. L. 1967, pp. 296, 343)), wherein the defendant was charged with the distribution and sale of phencyclidine and the testimony proved the sale was phencyclidine hydrochloride is not controlling here. There is no merit in this complaint.

5. On cross examination the opposing party is entitled to a thorough and sifting examination of the witness. In this case the defendant's alibi witnesses were under cross examination, and the trial court correctly refused to grant a mistrial with reference to an effort to impeach them as to whether or not the testimony was fabricated before trial. The object of all legal investigation is the discovery of truth. See Code §§ 38-101 and 38-1705. See *Mitchell v. State,* 71 Ga. 128, 129 (6), 157. Compare *Long v. State,* 205 Ga. 257, 258 (3) (53 SE2d 365).

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED FEBRUARY 26, 1981 —

*William David Cunningham,* for appellant.
*David L. Lomenick, District Attorney, James A. Meaney, Assistant District Attorney,* for appellee.