## 62423. TUCKER v. THE STATE.

BIRDSONG, Judge.

Tommy Tucker was indicted, tried and convicted by jury of the offense of burglary. Sentenced to serve five years in the penitentiary, he appeals and we affirm.

1. Police officers saw Tucker running out the back door of the victim's home carrying two stereo speakers, which he dropped in the woods behind the house. Another person was also seen running away through the woods. A 19-inch color television set and other articles identified by the owner as having been removed from his home without authority were found in the wooded area between the house and a rural cemetery. A friend of Tucker's testified he had driven Tucker to the cemetery, at Tucker's request, to go hunting. Tucker made an in-custody statement to police in which he admitted "that he was the one that had the speakers under his arm" when the police arrived at the scene; he also identified the other person as his accomplice. Tucker testified in his own behalf, denying any

participation in the burglary, but admitting his presence in the area and that he gave a signed statement to the police after his arrest.

" 'The evidence . . . must be reviewed on appeal in the light most favorable to the verdict rendered [cit], and it appears after studying the record that the evidence was more than sufficient to authorize the . . . verdict. [Cits.]' [Cit.] A rational trier of fact could reasonably have found proof of guilt from the evidence adduced at trial. [Cit.]" *Harris v. State,* 155 Ga. App. 262 (271 SE2d 17). Accord, *Williamson v. State,* 156 Ga. App. 615 (1) (275 SE2d 699). Appellant's enumerations of error based upon the general grounds are without merit.

2. Appellant contends that the jury was improperly charged that they were to determine the voluntariness of his inculpatory statement because the Jackson-Denno hearing was held outside the presence of the jury and the jury had no evidence presented before it to determine whether or not the alleged statement was freely and voluntarily made. Therefore, it is asserted, the giving of this charge constituted an impermissible comment by the trial judge as to his opinion that the statement was freely and voluntarily made.

Our review of the transcript discloses that after the Jackson-Denno hearing was held outside the presence of the jury and the court determined that appellant's statement was freely and voluntarily made, the jury was returned to the courtroom. Officer Johnson then testified that he arrested Tucker; that Tucker made his statement to Officer Johnson at the Chattooga County Sheriff's Department; that Tucker did not appear to be under the influence of alcohol or drugs; that Tucker appeared to be cognizant of his surroundings; that Officer Johnson read him his rights in the presence of two other officers; that Tucker knew everyone there and what crime he was charged with; that he did not request the presence of an attorney; and that no one held out to him the slightest hope of benefit or the remotest fear of injury. The trial court explicitly instructed the jury that they must make an independent de-termination that Tucker's statement was voluntary before they could consider it. The determinations of voluntariness by both the trial judge and the jury are fully supported by the evidence and, therefore, final and binding upon this court in the absence of an indication that they are clearly erroneous. *Brownlee v. State,* 155 Ga. App. 875 (4) (273 SE2d 636). We find no grounds for reversal for any reason assigned.

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED OCTOBER 15, 1981.

*Archibald A. Farrar, Jr.,* for appellant.

*David L. Lomenick, Jr., District Attorney, Rowland L. Enloe, Jr., Assistant District Attorney, for appellee.*