## 63393. MILLER v. THE STATE.

DEEN, Presiding Judge.

Randall Eugene Miller appeals his conviction of rape and sentence of life imprisonment under a recidivist indictment alleging two former felony convictions.

1. The sixteen-year-old victim testified that she was walking from her father's house to her sister's house about 7:30 p.m. on December 21, 1979, when she was offered a ride by Miller. Although she did not immediately recognize him, she accepted because it was cold and she was not wearing a coat. When appellant said his first name was Randy she realized she knew him through his sisters, and said "Miller." She knew something was wrong when he would not let her off at her street and she attempted to jump out of the car. He jerked her back in and locked the doors. She was "hollering" and crying and upset, and did not know what to do. He drove into a church parking lot, parked the car and attempted to remove her clothes. The victim weighed 95 pounds and the appellant between 220 and 225. She struggled, pulling his hair and scratching his face, but he ripped off her blouse and jeans and succeeded in having intercourse with her. The appellant let her out afterwards near her sister's house and she arrived there between 8:00 and 9:00 p.m. She was too upset to talk, but her family noticed she was crying and shaking and that her blouse was torn. They asked her what was wrong and she told them she had been raped by Randy Miller. She was taken to the police station and reported the rape at 9:00 p.m., describing Miller. The police sent her to the hospital to be examined and at that time she was still "quite visibly nervous," "upset" and "shaky." In the doctor's opinion the victim had had recent sexual intercourse which from her demeanor

was compatible with rape although she suffered no severe physical trauma. The victim later picked out the appellant's picture from a police showing of some 200 photographs, and also identified him at trial as the man who raped her. This evidence was sufficient to authorize a rational trier of fact to conclude that the appellant forcibly raped the victim against her will. *Woods v. State,* 158 Ga. App. 228 (279 SE2d 536) (1981); *Walker v. State,* 157 Ga. App. 728 (1) (278 SE2d 487) (1981).

2. After two days of cross-examination, while still in the witness stand, the victim began trembling and fell to the floor. Court was recessed and the jury excused. Defense counsel moved for a mistrial on the ground that the incident was prejudicial to appellant and abridged his right to a fair trial, and enumerates as error the denial of his motion on appeal. In refusing to declare a mistrial, the trial judge stated that the victim's attack was involuntary and might occur again, but she was there to subject herself to questioning and he would instruct her to tell the court if she did not feel well and recess the proceedings. Defense counsel requested no jury instructions nor made further objection, and completed a thorough and sifting cross-examination as well as recross-examination without further incident. "The timely corrective action was sufficient to preserve the defendant's right to a fair trial, and there was no abuse of discretion. [Cits.]" *Mitchell v. State,* 157 Ga. App. 683, 684 (3) (278 SE2d 192) (1981). Accord, *Sierra v. State,* 155 Ga. App. 198 (270 SE2d 368) (1980).

3. The state presented testimony of an officer that he had been sent to Chicago to rearrest Miller after appellant failed to appear at arraignment. Appellant's attorney objected that this evidence was being "used to show flight and to convict my client of a lesser weight than would ordinarily be needed in a prosecution of this kind and would be used only to lower the burden of proof." Error is assigned on appeal, however, on the overruling of the objection on the ground that this evidence was inadmissible hearsay in that the officer did not testify of his own knowledge that Miller was a fugitive, only that he picked Miller up on a capias issued by a person unknown to him. Since no objection was made on this ground at trial, nothing is presented for review on appeal. *Sherrod v. State,* 157 Ga. App. 351 (2) (277 SE2d 335) (1981). As to the basis of the trial objection, that evidence of flight lowered the state's burden of proof, the subjects of flight and burden of proof were fully and adequately explained in the charge to the jury. " 'Flight is always a circumstance which may be shown and which a jury may take into account in determining the guilt or innocence of the accused.' [Cit.]" *Payne v. State,* 158 Ga. App. 732 (1) (282 SE2d 155) (1981). Consequently appellant has shown no

reversible error and this enumeration cannot be sustained.

4. After reaching a verdict of guilty on the rape charge, the jury was dismissed without knowledge of the recidivism counts of the indictment and the state tendered previous convictions of appellant. One was a 1979 conviction of burglary, attempted burglary and influencing a witness, resulting in a twenty-year sentence with two years to serve and the remainder to be probated upon payment of a $1,000 fine. Also introduced was a three-year sentence entered in 1975 on a plea of nolo contendere to be served on probation upon payment of a fine and restitution. Appellant contends that the state failed to prove the recidivism charge because (a) Miller was not convicted of burglary and kidnapping as recited in Count II of the indictment and (b) the plea of nolo contendere could not be used for recidivist purposes.

(a) While Count II of the indictment may not have been drawn in perfect form because it referred to prior convictions of burglary and kidnapping when in fact Miller was actually convicted of burglary, attempted burglary and influencing a witness, this did not preclude proof of the prior offenses under Code Ann. § 27-2511. The recidivism statute is triggered by the fact of *any* prior convictions. *Aldridge v. State,* 158 Ga. App. 719 (4) (282 SE2d 189) (1981). "Under our existing two-step felony procedure, a recidivism indictment which contains a 'defect' in the allegation of 'prior convictions' does not void the indictment, as such a defect, assuming it is not brought to the attention of the jury, no longer affects the real merits of the separate offense otherwise charged in the indictment." *Wooten v. State,* 160 Ga. App. 747 (1) (288 SE2d 94) (1981).

(b) The question of whether a plea of nolo contendere may be used to prove a charge of recidivism appears to be one of first impression in this state. The Georgia Code provides that nolo pleas "shall not be used against the defendant in any other court or proceedings as an admission of guilt, or otherwise, or for any purpose, and such plea shall not be deemed a plea of guilty for the purpose of effecting any civil disqualification of the defendant . . . now imposed upon a person convicted of any offense under the laws of this state . . ." Code Ann. § 27-1410.

This court in *Wright v. State,* 75 Ga. App. 764 (1) (44 SE2d 569) (1947) considered the law existing prior to passage of the nolo contendere statute, and determined that it was the intent of the legislature in enacting it to give the trial courts discretion to modify pleas of guilty in specific instances, such as where the defendants were of good moral character and standing in the community. Hence "provision was made for a plea of guilty that in the discretion of the court could be employed by defendants thus guilty of crime, which

would authorize the court to impose the punishment fixed by statute as to the offense charged, without also carrying with it the objectionable and infamous provisions of law as herein outlined. As in other jurisdictions, this plea was named nolo contendere. We believe the General Assembly intended for the plea of nolo contendere to stand upon the same footing as a plea of guilty in all respects except where otherwise provided to constitute the remedy of the evil of the old law . . . ." Id. at 766-67. This reasoning was somewhat broadened in *Johnson v. General Motors Corp.,* 144 Ga. App. 305, 306 (2) (241 SE2d 30) (1977), where this court found that a nolo plea could be used as the basis for discharge by a private employer.

Under Code Ann. § 27-2503 (a), the judge is expressly authorized to hear evidence at presentence hearings in felony cases in aggravation of punishment, "including the record of any criminal convictions and pleas of guilty or pleas of nolo contendere." Also, a defendant who has been discharged under the First Offender Act and later faces a subsequent criminal prosecution may find such proceeding pleaded against him "[i]f otherwise allowable by law . . . as if an adjudication of guilt had been entered . . ." Code Ann. § 27-2730. First offender sentences, under Code Ann. § 27-2727, which avoid convictions, may be used for impeachment purposes as if a conviction had been entered. *Favors v. State,* 234 Ga. 80 (3) (214 SE2d 645) (1975). A first offender sentence was introduced in aggravation of punishment without objection in the instant case.

It appears that most jurisdictions in which the issue has been considered have sanctioned the recidivist usage of convictions resulting from nolo pleas. See, Weaver, "The Effect in Georgia of a Plea of Nolo Contendere Entered in a Georgia Court," 13 Ga. L. Rev. 723, 743 (1979); citing Annots., 89 ALR2d 540, 610-11 (1963); 152 ALR 253, 290-91 (1944); United States v. Skeen, 126 F Supp. 24 (N. D. W. Va. 1954); State v. Fagan, 14 A. 727 (N. H. 1888); State v. Moss, 152 SE 749 (W. Va. 1930); State v. Suick, 217 NW 743 (Wis. 1928); United States v. Reimer, 98 F2d 92 (2d Cir. 1938); contra, State v. Stone, 95 SE2d 77 (N. C. 1956). As noted in the above article, the presentence hearing of prior convictions in aggravation of punishment is closely analogous to the proving of recidivist charges. The trial court is afforded some discretion in sentencing where evidence is offered in aggravation at a Code Ann. § 27-2503 hearing. The recidivist statute performs essentially the same function, but requires the court to sentence a person convicted of a second felony to "undergo the longest period of time and labor prescribed for the punishment of the offense of which he stands convicted," and prohibits parole after the fourth conviction until the maximum time has been served. Code Ann. § 27-2511.

It is plain that the purpose of both statutes is to see that prior convictions are presented at sentencing so that the proper punishment may be imposed. *Gates v. State,* 244 Ga. 587, 595 (4) (261 SE2d 349) (1979); *Aldridge v. State,* supra, at 722. We think that when a felon, who was shielded as a first offender from "civil disqualifications" by the nolo contendere plea, is convicted of subsequent offenses and indicted under the recidivist statute, it is decidedly more in the public interest and beneficial for society at large that all prior offenses be used to insure the maximum incarceration. Implicit in the nolo plea's protection of good moral character and community standing, it seems to us, must be the waiver of the statute's beneficial immunity of record upon repeated, subsequent convictions. And if the courts may consider nolo pleas in aggravation of punishment, surely justice requires allowing evidence of such convictions to prove recidivism. For the above reasons we conclude that "[t]he state introduced valid evidence of each of the prior convictions, and the evidence was not rebutted. Accordingly, this enumeration is without merit." *Aldridge v. State,* supra, at 722.

5. Spontaneous voluntary statements made by Miller to a police officer who accompanied him when he agreed to go with her to the police station were neither inculpatory nor exculpatory, and he was not subjected to a custodial interrogation requiring Miranda warnings. *Roberts v. State,* 146 Ga. App. 23 (1) (245 SE2d 358) (1978); *Gooch v. State,* 155 Ga. App. 708 (4) (272 SE2d 572) (1980).

6. Appellant contends that testimony of Officer Pope as to statements Miller made with the understanding they would not be used against him was admitted over his objection. We do not agree. After Miller was taken into custody he was advised of his rights and waived counsel, but refused to make a taped statement. However, he asked to see Officer Pope, whom he knew, was taken to Pope's office and they "sat back there and rapped, I guess, thirty or forty minutes." There was no delay between his waiver and this voluntary conversation, and there was no further attempt to question Miller after he refused to have a statement tape recorded. "Where the evidence as to voluntariness is in conflict, the issue is for the finder of fact, not for this court." *Jones v. State,* 146 Ga. App. 88, 91 (3) (245 SE2d 449) (1978). "The determinations of voluntariness by both the trial judge and the jury are fully supported by the evidence, and, therefore, final and binding upon this court in the absence of an indication that they are clearly erroneous. [Cit.]" *Tucker v. State,* 160 Ga. App. 66, 67 (2) (286 SE2d 56) (1981).

7. The trial court did not err in sentencing Miller to the maximum punishment of life imprisonment. The court was required

by Code Ann. § 27-2511, as previously discussed in Division 4 (b), supra, to sentence the appellant as a third offender recidivist to "undergo the longest period of time and labor prescribed for the punishment of which he stands convicted." The maximum punishment for rape is life imprisonment. Code Ann. § 26-2001; Coker v. Georgia, 433 U. S. 584 (97 SC 2861, 53 LE2d 982) (1977). Code Ann. § 27-2502 expressly abrogates the trial court's discretionary power to grant probation "in cases in which life imprisonment or capital punishment is imposed." Appellant's reliance on State v. O'Neal, 156 Ga. App. 384 (274 SE2d 575) (1980) is therefore unwarranted since that case involved a forgery conviction and sentence of ten years. Accord, Haslem v. State, 160 Ga. App. 251 (2) (286 SE2d 748) (1981)

8. While the transcript indicates that the trial court allowed the state to introduce additional prior convictions not alleged in the recidivist indictment "in aggravation" of punishment, no objection was made by appellant at the time they were tendered as to prior lack of notice nor as to the general lack of admissibility of such convictions. Hence, subsequent review is eliminated. Chapman v. State, 154 Ga. App. 532 (4) (268 SE2d 797) (1980); Wilcox v. State, 153 Ga. App. 719 (3) (266 SE2d 356) (1980). Moreover, appellant was not sentenced under the provisions of Code Ann. § 27-2511 as a fourth offender, which would make him ineligible for parole, so no harmful error has been demonstrated. Compare Newton v. State, 154 Ga. App. 98 (2) (267 SE2d 641) (1980). In any event, the remedy for excessive harshness in imposing punishment lies in sentence review under Code Ann. § 27-2511.1. See Brown v. State, 144 Ga. App. 509 (241 SE2d 621) (1978). We find no reversible error for any reason assigned.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED JUNE 9, 1982 —
REHEARING DENIED JUNE 28, 1982 —

*Ronald G. Shedd, W. Terry Haygood,* for appellant.
*F. Larry Salmon, District Attorney, William H. Boggs, Assistant District Attorney,* for appellee.