## 63779. BENTLEY v. THE STATE.

SOGNIER, Judge.

Aggravated assault and aggravated battery. Bentley contends that the trial court erred by refusing his requested instruction on delusional compulsion and by denying his motion to exclude any evidence concerning marijuana found on appellant at the time of his arrest.

1. Appellant shot Jim Smith, an employee of the Department of Family and Children's Services in Summerville, Georgia who was responsible for moving appellant's son to a new foster home. Appellant contends he was laboring under a delusion that the Department of Family and Children's Services was waging a personal vendetta against him to prevent him from seeing his son at the time he shot Smith, and that this delusion overmastered his will.

Ga. Code § 26-703 provides: "A person shall not be found guilty of a crime when at the time of the act ... constituting the crime, such

person, because of mental disease, injury, or congenital deficiency, acted as he did because of a delusional compulsion as to such act which overmastered his will to resist committing the crime." Our Supreme Court has held that "[i]n order for the defense of delusional compulsion to be available . . . there must be evidence that the defendant was laboring under a delusion, that the act itself was connected with the delusion and furthermore that the delusion would, if true, justify the act. [Cit.]" *Graham v. State,* 236 Ga. 378, 379-380 (223 SE2d 803) (1976).

Applying the criteria set forth in *Graham,* appellant's enumeration is without merit. In our opinion, the evidence does not establish that appellant was acting under any delusion at the time he shot Smith. Further, even a delusion that Smith was solely responsible for appellant's son being placed in a foster home, if true, would not justify appellant's shooting of Smith, one of the criteria required by *Graham,* supra. Accordingly, the trial court did not err in refusing to give the requested charge on delusional compulsion.

2. At trial, appellant's statement to the police shortly after the shooting was admitted into evidence. Included in the statement was the question: "Have you been smoking any marijuana or taking any pills, you know they found some marijuana on you?" Appellant contends it was error to allow such statement in evidence, relying on the general rule that evidence of other, unrelated crimes committed by a defendant is inadmissible to show that he is guilty of the crime charged. (See *Johnson v. State,* 242 Ga. 649, 652 (3) (250 SE2d 394) (1978)). In *State v. Luke,* 232 Ga. 815, 816-817 (209 SE2d 165) (1974) the Supreme Court held it was not error to admit into evidence a pistol and a bottle of pills found on the defendant at the time of his arrest for burglary, as "all the circumstances connected with the arrest were admissible in evidence . . ." Accordingly, the trial court did not err in admitting appellant's statement in evidence without excluding the reference to marijuana found on his person.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED JUNE 29, 1982.

*Bobby Lee Cook, Jr.,* for appellant.
*David L. Lomenick, Jr., District Attorney, Ralph L. Van Pelt, Jr., Assistant District Attorney,* for appellee.