## 66381. CHENEY v. THE STATE.

CARLEY, Judge.

Appellant was convicted of burglary and of giving a false name. He appeals from the judgment and sentence entered on the guilty verdict.

1. Three of appellant's enumerations of error concern the sufficiency of the evidence to support his convictions.

At trial, Sergeant Sapp testified that he drove to a certain convenience store in response to a call. He saw that a front window of the store had been broken out, and he observed an individual, whom he identified at trial as appellant, inside the store. The store and the surrounding area were well lighted, and Sergeant Sapp had a clear view of appellant's face and clothing. Appellant saw the police officer, left the store through the broken window, and began to run. Sergeant Sapp gave chase and apprehended appellant, who had attempted to join three other men in the parking lot of a pool hall a short distance from the crime scene. Sapp never lost sight of appellant from the time he was seen inside the store until the time of his arrest. When he was apprehended, appellant was breathing heavily, which was quite obvious because the extremely cold air caused his breath to vaporize. Sergeant Sapp had no doubt that appellant was the man he had observed inside the store.

Police Officer Kory assisted Sergeant Sapp in the arrest of appellant. Kory testified that he informed appellant of his Miranda rights, that appellant indicated that he understood those rights, and that appellant identified himself as Michael Brown. Officer Kory transported appellant to jail, and a deputy sheriff there told Kory that appellant's correct name was Roger Jerome Cheney.

Appellant testified on his own behalf that he had not been at the convenience store that day, that he had not run from Sergeant Sapp, that he had been at the pool hall parking lot looking for his brother, and that he had been smoking a cigarette, rather than breathing heavily, when he was arrested. He further testified that he had not told Officer Kory that his name was Michael Brown.

"While there are conflicts in the testimony, nevertheless, we find that a rational trier of fact could reasonably have found from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. *Fisher v. State,* 151 Ga. App. 93 (258 SE2d 920) (1979)." *Hammonds v. State,* 157 Ga. App. 393, 394 (277 SE2d 762) (1981).

2. As noted previously, Sergeant Sapp testified that he chased appellant from the scene of the burglary to the parking lot of a nearby pool hall where appellant joined a group of three men who were near a

car. Sergeant Sapp further testified that he approached the group with his gun drawn and told everyone to put his hands on the car. One of the men then told Sapp, "that man [appellant] is not with us."

Appellant raised a hearsay objection to Sapp's testimony as to the statement of the unidentified bystander. The trial court ruled that the statement was admissible under the res gestae exception to the hearsay rule. Following Sapp's testimony, the judge instructed the jury that the bystander's remark was hearsay, that it was not indicative of whether appellant was or was not with the other men, and that it was admitted only to explain the conduct of Sergeant Sapp.

Pretermitting the question of whether the bystander's statement was admissible under OCGA § 24-3-3 (Code Ann. § 38-305) as part of the res gestae, we find that the statement was admissible under OCGA § 24-3-2 (Code Ann. § 38-302) to explain the actions of the police officer in arresting appellant. The Supreme Court has ruled on the construction and application of OCGA § 24-3-2 (Code Ann. § 38-302). "To prevent an overly broad interpretation of [OCGA § 24-3-2 (Code Ann. § 38-302)] we adopt the following: When, in a legal investigation, the conduct and motives of the actor are matters concerning which the truth must be found (i.e., are relevant to the issues on trial), then information, conversations, letters and replies, and similar evidence known to the actor are admissible to explain the actor's conduct. Green, Ga. Law of Evidence, § 300 (1957); *Brewer v. Henson,* 96 Ga. App. 501, 502 (100 SE2d 661) (1957). But where the conduct and motives of the actor are not matters concerning which the truth must be found (i.e., are irrelevant to the issues on trial) then the information, etc., on which he or she acted shall not be admissible under [OCGA § 24-3-2 (Code Ann. § 38-302)]." *Momon v. State,* 249 Ga. 865, 867 (294 SE2d 482) (1982).

In the instant case, Sergeant Sapp's testimony as to the statement of the bystander explained the circumstances surrounding appellant's arrest on the charges for which he was currently being tried. The circumstances of the arrest were certainly "relevant to the issues on trial," as required by *Momon,* supra. See *Bentley v. State,* 162 Ga. App 755 (293 SE2d 36) (1982); *Davis v. State,* 242 Ga. 901 (252 SE2d 443) (1979).

The officer's testimony quoting the bystander's comment was not offered to prove the truth of the statement itself, but to explain the officer's conduct, and the trial court gave appropriate limiting instructions to the jury. We find no error in the admission of the statement. If the ruling of the trial court is correct for any reason, it will be affirmed. *Whiteside v. Douglas County Bank,* 146 Ga. App. 888 (247 SE2d 558) (1978); *J. L. Lester & Sons, Inc. v. Smith,* 162 Ga. App.

506 (291 SE2d 251) (1982).

3. Police Officer Kory testified that when he took appellant to jail, he overheard appellant say to a deputy sheriff there, "I ran because I was scared." Prior to the introduction of this testimony, a Jackson-Denno hearing was held, and the trial court found that the statement was freely and voluntarily given. At the close of the evidence, the jury was properly instructed as to the standards for determining voluntariness and the circumstances under which appellant's statement could be considered.

Appellant asserts that the trial court erred in its determination that the statement was voluntary in nature. However, the state's evidence showed that appellant made the statement in the presence of Officer Kory and within fifteen minutes of having been advised of his rights. The statement was not made as a result of any threats, promises, or coercion, and was not the product of formal interrogation. Appellant did not offer any evidence at the Jackson-Denno hearing, and he testified before the jury that he did not make the statement, rather than that the statement was not voluntarily given. " 'The determinations of voluntariness by both the trial judge and the jury are fully supported by the evidence, and, therefore, final and binding upon this court in the absence of an indication that they are clearly erroneous. [Cit.]' *Tucker v. State,* 160 Ga. App. 66, 67 (2) (286 SE2d 56) (1981)." *Miller v. State,* 162 Ga. App. 730, 734 (292 SE2d 102) (1982).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED SEPTEMBER 7, 1983.

*Luther Strickland, Jr.,* for appellant.
*Willis B. Sparks III, District Attorney, George F. Peterman III, Assistant District Attorney,* for appellee.