S01G1721. BOLDEN v. THE STATE.
(563 SE2d 858)

HUNSTEIN, Justice.

We granted Cordie Bolden's petition for certiorari to address whether the Court of Appeals correctly ruled that the State could use Bolden's plea of nolo contendere to establish a violation of her probation. See *Bolden v. State*, 250 Ga. App. 825 (552 SE2d 533) (2001). We hold that under the plain and unambiguous language of OCGA § 17-

---

[2] 267 Ga. 422 (479 SE2d 746) (1997).

7-95 (c) a nolo contendere plea cannot be used to establish a probation violation. Accordingly, we reverse.

Bolden pled guilty on June 1, 2000 to two drug-related crimes and was sentenced as a first offender pursuant to OCGA § 42-8-60. While on probation Bolden was arrested on a charge of theft by taking. She pled nolo contendere to that misdemeanor charge on July 27, 2000. The State filed a petition to revoke her probation on August 4, 2000 and at the revocation hearing, the State over objection was allowed to admit Bolden's nolo contendere plea to establish that Bolden had violated the terms of her probation.

"Except as otherwise provided by law, a plea of nolo contendere shall not be used against the defendant in any other court or proceedings as an admission of guilt or otherwise or for any purpose." OCGA § 17-7-95 (c). Contrary to the State's argument, the record in this case clearly reveals that Bolden's nolo contendere plea was used by the State to establish that Bolden had violated the terms of her probation[1] and that the nolo contendere plea was not adduced for consideration merely as aggravating evidence in a sentence proceeding, as allowed pursuant to OCGA § 17-10-2 (a). Because the clear and unambiguous language of OCGA § 17-7-95 (c) prohibits the use of a nolo contendere plea "as an admission of guilt or otherwise or for any purpose" and because there is no exception otherwise provided by law for the use of nolo contendere pleas at probation revocation hearings for the purpose of establishing violation of the terms of probation, the Court of Appeals erred by affirming the probation revocation court's admission of this evidence.

*Judgment reversed. All the Justices concur.*

DECIDED MAY 13, 2002.

*Gerard B. Kleinrock*, for appellant.
*J. Tom Morgan, District Attorney, Barbara B. Conroy, Assistant District Attorney*, for appellee.

---

[1] No other evidence was adduced by the State at the hearing.