### A03A1310. SPINNER v. THE STATE.
(589 SE2d 344)

SMITH, Chief Judge.

Following a bench trial, Anthony Recardo Spinner was convicted of one count of felony family violence battery, OCGA § 16-5-23.1 (f) (2). Judgment was entered on the conviction, and Spinner appeals, enumerating as error the trial court's consideration of a previous nolo contendere plea to the offense of battery. He contends that the felony conviction was not authorized, because the nolo contendere plea did not constitute a conviction for purposes of OCGA § 16-5-23.1 (f) (2). We do not agree, and we affirm.

The State presented undisputed evidence that following a disagreement on March 27, 2002, Spinner and his wife became involved in a "scuffle," during which he placed his hands around her neck and began to choke her. Spinner eventually released the victim, however, and she summoned the police. The parties stipulated, among other things, that in 1996, Spinner entered a pro se plea of nolo contendere to battery against the victim, his wife. After the State presented its evidence, Spinner moved for an involuntary dismissal on the ground

---

that the previous plea did not constitute a conviction for purposes of adjudicating him guilty of felony family violence battery. The trial court denied the motion, concluded that the previous plea constituted a conviction, and entered its judgment of conviction against Spinner.

Under OCGA § 16-5-23.1 (a), "[a] person commits the offense of battery when he or she intentionally causes substantial physical harm or visible bodily harm to another." If a battery as defined by this subsection is committed by one spouse upon the other, the offense constitutes "family violence battery." OCGA § 16-5-23.1 (f). Subsection (f) further provides: "(1) Upon a first conviction of family violence battery, the defendant shall be guilty of and punished for a misdemeanor; and (2) Upon a second or subsequent conviction of family violence battery against the same or another victim, the defendant shall be guilty of a felony." Spinner contends that his prior nolo contendere plea was not a conviction and therefore that he could not have been guilty of a felony in this case.

In addressing Spinner's argument, we must first examine the language of OCGA § 17-7-95 (c), which addresses the effect of a nolo contendere plea. That Code section provides in relevant part: "Except as otherwise provided by law, a plea of nolo contendere shall not be used against the defendant in any other court or proceedings as an admission of guilt or otherwise or for any [other] purpose." Id. It is true that unlike statutes such as OCGA §§ 40-5-58 (d) and 40-5-63 (a) (3), OCGA § 16-5-23.1 (f) does not *specifically* provide that a nolo plea can serve as a conviction. Nevertheless, contrary to Spinner's argument, this result is authorized by the law.

The indictment recited that Spinner was charged with "the offense of 'Family Violence Battery (Felony).'" All that was required under the statute was proof that Spinner had committed "the offense of battery . . . between past or present spouses." OCGA § 16-5-23.1 (f). Once this was proved, a prior conviction could be used to enhance the sentence. Proof of the prior conviction is not an element of the crime of family violence battery. Compare *Brantley v. State*, 272 Ga. 892 (536 SE2d 509) (2000) (proof of prior felony conviction necessary element of crime of possession of firearm by convicted felon). Instead, "[e]nacted as a subpart of the penalty portion of the battery Code section, OCGA § 16-5-23.1 (f) increased to a felony the punishment of repeat convictions for battery against defined family members." *State v. Dean*, 235 Ga. App. 847-848 (1) (510 SE2d 605) (1998). Like OCGA § 16-13-30 (d), a recidivist statute that enhances the punishment for subsequent crimes of selling cocaine, OCGA § 16-5-23.1 (f) simply enhances "the penalty for the already prohibited act of battery." *Dean*, supra at 847-848 (1). The Code section at issue in this case is a recidivist statute, and we have "sanctioned the use of convictions resulting from pleas of nolo contendere in sentencing under recidivist

statutes. [Cits.]" *James v. State*, 209 Ga. App. 389, 390 (2) (433 SE2d 700) (1993). Under *James*, the previous nolo plea could be considered a conviction for sentencing purposes.

Spinner argues that *James*, supra, is not controlling here. He points out that *Miller v. State*, 162 Ga. App. 730 (292 SE2d 102) (1982), cited in *James*, was overruled by *Matthews v. State*, 268 Ga. 798 (493 SE2d 136) (1997). In *Miller*, this Court concluded that a nolo contendere plea could constitute a prior conviction for the purpose of proving recidivism. Id. at 732 (4). The Supreme Court in *Matthews*, supra, concluded that a first offender conviction could not be used for impeachment purposes and overruled *Miller* only to the extent that *Miller* suggested a rule "contrary to" that decision. *Matthews*, supra at 803. Similarly, in *Davis v. State*, 273 Ga. 14 (537 SE2d 663) (2000), also cited by Spinner, the Supreme Court stated that a first offender plea "does not constitute a conviction." (Citations and punctuation omitted.) Id. at 15. But our conclusion that a nolo contendere plea can be considered a prior conviction for purposes of OCGA § 16-5-23.1 (f) does not conflict with the holdings in either *Miller* or *Davis*, both of which specifically address the effect of a first offender plea. As aptly argued by the State, "There is . . . a stark distinction between using a voluntarily entered nolo plea as a prior conviction and using a first offender sentence, which may potentially *not* be a conviction if the offender fulfills all conditions of his or her sentence."

Additionally, *Bolden v. State*, 275 Ga. 180 (563 SE2d 858) (2002), also cited by *Spinner*, is not controlling in this case. In *Bolden*, the Supreme Court concluded that a nolo contendere plea cannot be used to establish a probation violation because no exception is "provided by law for the use of nolo contendere pleas at probation revocation hearings." Id. at 181. Here, however, as discussed above, OCGA § 16-5-23.1 (f) is a recidivist statute that simply enhances the punishment for repeat offenders of family violence battery. And with respect to conviction under recidivist statutes, the law does recognize that a nolo plea can constitute proof of a prior conviction. See *James*, supra.

*Judgment affirmed. Ruffin, P. J., and Miller, J., concur.*

DECIDED OCTOBER 27, 2003 

*Fox, Chandler, Homans, Hicks & McKinnon, Robert L. Chandler, Cheryl H. Kelley*, for appellant.

*Jason J. Deal, District Attorney, Alison W. Toller, Assistant District Attorney*, for appellee.