A04A0456. BLACKMON v. THE STATE.
(598 SE2d 542)

RUFFIN, Presiding Judge.

A jury found Calvin Blackmon guilty of seven offenses, including two counts of possession of a firearm by a convicted felon. Blackmon

---

appeals his convictions for possession of a firearm by a convicted felon, asserting, among other things, that the State presented insufficient evidence that he had previously been convicted of a felony.[1] Because we agree with Blackmon, we reverse his convictions on these two charges and remand for resentencing.

The record shows that the trial court bifurcated the trial, allowing the State to present its case on the two felon in possession charges only after the jury returned its verdict on the other counts. Following the initial verdict, the State offered evidence that, in 1977, Blackmon was indicted for burglary, entered a plea of nolo contendere to that charge, and was sentenced to three years probation. The State submitted no other evidence of a prior felony conviction, and the jury returned a guilty verdict on the two charges for possession of a firearm by a convicted felon.

Under OCGA § 16-11-131 (b), "[a]ny person . . . who has been convicted of a felony by a court of this state . . . and who receives, possesses, or transports any firearm commits a felony." A prior felony conviction is a necessary element of this crime.[2] If the State fails to prove this element beyond a reasonable doubt, a verdict of acquittal must be entered.[3]

On appeal, Blackmon argues that his nolo contendere plea to the burglary charge cannot be used to establish a previous felony conviction for purposes of OCGA § 16-11-131 (b). We agree. Although "a sentence based on a plea of nolo contendere is a conviction,"[4] OCGA § 17-7-95 (c) limits the impact of such a plea and conviction on other cases. Under that provision, "[e]xcept as otherwise provided by law, a plea of nolo contendere *shall not* be used against the defendant in any other court or proceedings as an admission of guilt or otherwise or for any purpose."[5]

The Georgia Code specifically permits the use of a prior nolo plea against a defendant in certain circumstances. For example, under OCGA § 17-10-2 (a), the State may introduce this type of plea in aggravation of sentencing for a subsequent crime. Various other Code sections also define the term "conviction" to include a plea of nolo contendere.[6]

---

[1] The jury also found Blackmon guilty of two counts of aggravated assault, felony obstruction of a law enforcement officer, possession of a sawed-off shotgun, and possession of a sawed-off shotgun during the commission of an aggravated assault. Blackmon does not challenge these convictions on appeal.

[2] See *Brantley v. State*, 272 Ga. 892, 893 (536 SE2d 509) (2000).

[3] See id.

[4] *Windsor Forest, Inc. v. Rocker*, 121 Ga. App. 773 (2) (175 SE2d 65) (1970).

[5] (Emphasis supplied.) OCGA § 17-7-95 (c).

[6] See, e.g., OCGA § 16-7-80 (3) (for crimes relating to bombs, explosives, and chemical and biological weapons, the term "conviction" is defined as "an adjudication of guilt of or a plea of

OCGA § 16-11-131 (b), however, neither defines the term "conviction" nor specifies that a prior plea of nolo contendere may be used to prove possession of a firearm by a convicted felon. And the general definition of "conviction" applicable to Title 16 states only that the term "includes a final judgment of conviction entered upon a verdict or finding of guilty of a crime or upon a plea of guilty."[7] Furthermore, although we have sanctioned the use of past nolo contendere pleas for sentencing purposes under recidivist statutes,[8] we have not approved such use when proof of the prior conviction is an element of the crime.

Criminal statutes must be interpreted strictly against the State, and "[w]here the language in a criminal statute is ambiguous, it must be construed in favor of the defendant."[9] Furthermore,

> the cardinal rule in the construction of legislative enactments is to ascertain the true intention of the General Assembly in the passage of the law. All statutes are presumed to be enacted by the General Assembly with full knowledge of the existing condition of the law and with reference to it, and are therefore to be construed in connection and in harmony with the existing law, and their meaning and effect is to be determined in connection, not only with the common law and the Constitution, but also with reference to other statutes and decisions of the courts.[10]

As in various other statutes throughout the Code, the legislature *could* have specifically included a nolo contendere plea within the ambit of a "conviction" under OCGA § 16-11-131 (b). It failed to do so, and the provision remains silent on this issue. Such silence creates an ambiguity that must be construed against the State.[11]

---

guilty or nolo contendere to the commission of an offense"); OCGA § 16-6-4 (b) ("Adjudication of guilt or imposition of sentence for a conviction of a second or subsequent offense of child molestation, including a plea of nolo contendere, shall not be suspended, probated, deferred, or withheld."); OCGA § 16-13-110 (a) (2) ("As used in this article [relating to sanctions against licensed persons for offenses involving a controlled substance or marijuana], the term[s] . . . '[c]onvicted' or 'conviction' refers to a final conviction in a court of competent jurisdiction, or the acceptance of a plea of guilty or nolo contendere or affording of first offender treatment by a court of competent jurisdiction."); OCGA § 35-8-7.1 (a) (3) (in connection with standards for certification of peace officers, "the term 'conviction' shall include . . . a plea of nolo contendere"); OCGA § 43-34-37 (a) (3) (the licensing board may refuse to license a physician or may discipline a licensed physician upon finding that the physician has been convicted of a felony, which includes "a plea of . . . nolo contendere").

[7] OCGA § 16-1-3 (4).

[8] See *Spinner v. State*, 263 Ga. App. 802, 803-804 (589 SE2d 344) (2003).

[9] *State v. Langlands*, 276 Ga. 721, 724 (2) (583 SE2d 18) (2003).

[10] (Citations, punctuation and emphasis omitted.) *Grayer v. State*, 176 Ga. App. 248, 249 (335 SE2d 483) (1985).

[11] See *Langlands*, supra.

Pursuant to our rules of statutory construction, we find that the legislature did not intend to permit the use of a prior nolo contendere plea as proof of a prior felony conviction under OCGA § 16-11-131 (b).[12] The evidence relating to Blackmon's nolo plea, therefore, cannot support his convictions on the two charges for possession of a firearm by a convicted felon.[13] Accordingly, because the State's evidence did not authorize the jury's verdict as to possession of a firearm by a convicted felon, we must reverse Blackmon's convictions on those two charges (Counts 7 and 8) and remand for resentencing.

*Judgment as to Counts 7 and 8 reversed. Case remanded for resentencing. Eldridge and Adams, JJ., concur.*

DECIDED APRIL 8, 2004.

*Floyd H. Farless*, for appellant.
*Herbert E. Franklin, Jr., District Attorney, Michael J. Moeller, Assistant District Attorney*, for appellee.

A03A2244. GEORGIA DEPARTMENT OF COMMUNITY
HEALTH v. SATILLA HEALTH SERVICES, INC.
A03A2245. MEMORIAL HEALTH UNIVERSITY MEDICAL
CENTER, INC. v. SATILLA HEALTH SERVICES, INC.
A03A2246. HOSPITAL AUTHORITY OF VALDOSTA/LOWNDES
COUNTY v. SATILLA HEALTH SERVICES, INC.
(598 SE2d 514)

RUFFIN, Presiding Judge.

These three companion appeals arise from a superior court order directing the Department of Community Health ("the Department") to issue a certificate of need for an adult open-heart surgery service to Satilla Health Services, Inc. d/b/a Satilla Regional Medical Center ("Satilla"). The Department and two other hospitals filed separate applications for discretionary review of that ruling. We granted the applications and docketed the appeals as Case Nos. A03A2244, A03A2245, and A03A2246. For reasons that follow, we reverse.

---

[12] See id.; *Grayer*, supra.
[13] See OCGA § 17-7-95 (c); see also *Bolden v. State*, 275 Ga. 180, 181 (563 SE2d 858) (2002) (under OCGA § 17-7-95 (c), State cannot use "nolo contendere pleas at probation revocation hearings for the purpose of establishing violation of the terms of probation").