# WHOLE COURT

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. http://www.gaappeals.us/rules**

**March 16, 2017**

# In the Court of Appeals of Georgia

A16A1611. NASIR v. GWINNETT COUNTY STATE COURT et al.

MCFADDEN, Presiding Judge.

Hamidullah Nasir filed a pro se action and named as defendants the Gwinnett County State Court, the Gwinnett County Solicitor General, and the Gwinnett County Police Department (collectively, "the defendants"), seeking restriction of access to his criminal record under OCGA § 35-3-37 and monetary damages for civil rights violations under 42 USC §§ 1983, 1985, and 2000d in connection with the proceedings that led to his criminal record. The trial court dismissed the action for failure to state a claim. We affirm, because Nasir was not entitled to restriction of access to his criminal record and because his civil rights claims are either premature or barred by the statute of limitations.

"On appeal, a trial court's ruling on a motion to dismiss for failure to state a claim for which relief may be granted is reviewed de novo and the pleading challenged, i.e., the [complaint], is construed in favor of the party who filed it." *Northway v. Allen*, 291 Ga. 227, 229 (728 SE2d 624) (2012) (citation omitted). As our Supreme Court has explained,

> a motion to dismiss for failure to state a claim upon which relief may be granted should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought.

*GeorgiaCarry.Org v. Atlanta Botanical Garden*, 299 Ga. 26, 28 (1) (785 SE2d 874) (2016) (citation and punctuation omitted). "The main consideration of such a motion to dismiss is whether, under the assumed set of facts, a right to some form of legal relief would exist." *Northway*, supra at 229 (citation and punctuation omitted).

The facts are largely undisputed. In 1999, Nasir was charged with five counts of misdemeanor theft by taking, and thereafter he entered a nolo contendere plea to one count and the state nolle prossed the remaining four counts. Subsequently, Nasir

2

unsuccessfully tried to get his criminal record expunged multiple times, with his most recent request in August 2013.

In his complaint, Nasir sought to "have his record sealed or expunged such that his name does not appear in any data base relative to a reporting agency that would affect his ability for promotions" (the expungement claim) and he sought damages under 42 USC § 1983 "that would equal to the annuity as if he would have been entitled to" apply for promotions at his current employment (the civil rights claims). In support of this requested relief, he alleged in his complaint multiple acts of judicial, prosecutorial, and attorney misconduct related to his plea, including that he was coerced into the plea, that he did not understand the terms of the plea, that the state relied on manufactured evidence and discriminated against him because of his ethnic background, and that his defense counsel was ineffective.

The defendants moved to dismiss, arguing that they were not legal entities capable of being sued; that they received insufficient service of process; that the statute of limitations barred Nasir's claims; that Nasir's request to expunge his criminal record did not meet the statutory requirements of OCGA § 35-3-37 for expungement; and that Nasir's complaint amounted to "an impermissible collateral attack on his conviction." The trial court dismissed the complaint as failing to state

3

a claim for which relief may be granted, specifically finding that no provision of OCGA § 35-3-37 permitted the expungement of Nasir's criminal record and that the statute of limitations barred Nasir's civil rights claims. As detailed below, we find no error in the trial court's judgment. (For this reason, we need not address the merits of the alternative grounds that the defendants raised in support of their motion to dismiss.)

1. *Restriction of criminal records.*

In several enumerations of error, Nasir essentially argues that the trial court erred in finding that he was ineligible for expungement of his criminal records under OCGA § 35-3-37, which is within our criminal history record information statute, OCGA § 35-3-30 et seq. Providing for "restriction" rather than "expungement," OCGA § 35-3-37 provides that, under certain circumstances, "the criminal history record information of an individual relating to a particular charge . . . shall not be disclosed or otherwise made available to any private persons or businesses pursuant to Code Section 35-3-34 or to governmental agencies or licensing and regulating agencies pursuant to Code Section 35-3-35." OCGA § 35-3-37 (a) (6).

The statute directs that access to "an individual's criminal history record information" shall be "restricted" for certain specified "types of dispositions." OCGA

4

§ 35-3-37 (h). A disposition where "all charges were dismissed or nolle prossed" is one of those. OCGA § 35-3-37 (h) (2) (A).

Four of the five counts of theft by taking with which Nasir was charged were dismissed. But he pled nolo contendere to the fifth and was sentenced accordingly. See OCGA § 17-7-95 (b).

Imposition of a sentence upon a plea of nolo contendere is not a dismissal or a nolle prosse. So OCGA § 35-3-37 (h) (2) (A) is not applicable. Because Nasir is not entitled to restriction of his record under OCGA § 35-3-37 (h) (2) (A) in the first instance, we need not consider the applicability of any of the exceptions to restriction set forth in OCGA § 35-3-37 (i). And none of the other "types of dispositions" specified in OCGA § 35-3-37 (h) apply to the facts of this case, as alleged in Nasir's complaint.

Consequently, the allegations of his complaint "disclose with certainty" that Nasir "would not be entitled to [expungement or restriction of his criminal record] under any state of provable facts asserted in support" of his complaint; and the defendants have established that Nasir "could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of [that] relief[.]" *Georgiacarry.Org*, supra, 299 Ga. at 28.

2. *Civil rights claims.*

In several other enumerations of error, Nasir essentially argues that the trial court erred in dismissing his civil rights claims, which Nasir based on his allegations of various misconduct in connection with his plea in the criminal proceeding. The trial court did not err in dismissing those claims.

A plaintiff cannot, in a civil rights action, "recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," without showing that the conviction or sentence has been invalidated in some manner. *Heck v. Humphrey*, 512 U. S. 477, 486-487 (II) (114 SCt 2364, 129 LE2d 383) (1994) (footnote omitted). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 487 (emphasis omitted).

It is undisputed that Nasir's criminal disposition has not been invalidated, and he did not allege otherwise in his complaint. Therefore, any claims arising from his arrest and prosecution are barred by *Heck. Greater Atlanta Homebuilders Assn. v. DeKalb County*, 277 Ga. 295, 299 (4) (588 SE2d 694) (2003); *Gould v. Patterson*, 253 Ga. App. 603, 605 (4) (560 SE2d 37) (2002). Accordingly, the trial court

6

properly dismissed those civil rights claims. See *Craigo v. Azizi*, 301 Ga. App. 181, 187 (3) (684 SE2d 198) (2009) (dismissal of complaint affirmed under right for any reason rule).

Reading the complaint generously in light of Nasir's pro se status, it can be said that one of his civil rights claims is for damages for unlawfully denying his request to restrict or expunge his record. To the extent this claim is not barred by *Heck*, the trial court nonetheless properly dismissed it because it is barred by the running of the statute of limitation.

Nasir's request to restrict or expunge his record was first denied, at the latest, in 2006. So his December 20, 2013, complaint was filed outside any statute of limitation applicable to this claim. See OCGA § 9-3-33; *Doe # 102 v. Dept. of Corrections*, 268 Ga. 582, 583 (2) (492 SE2d 516) (1997) (applying two-year statute of limitation to claims under 42 USC § 1983); *Wimberly v. Dept. of Corrections*, 210 Ga. App. 57, 58 (435 SE2d 67) (1993) (applying two-year statute of limitation to claims under 42 USC §§ 1983, 1985); *Rozar v. Mullis*, 85 F3d 556; 561 (II) (B) (11th Cir. 1996) (applying Georgia's two-year statute of limitation to claims under 42 USC §§ 1985, 2000d).

*Judgment affirmed. Bethel, J., concurs. Dillard, P. J., Branch and McMillian, JJ., concur fully and specially. Ellington, P. J., Mercier and Reese, JJ., concur in the judgment only. Miller, P. J., concurs in the judgment only as to Division 2, and dissents as to Division 1.*

A16A1611. NASIR v. GWINNETT COUNTY STATE COURT et al.

MCMILLIAN, Judge, concurring specially.

Although I concur fully in the majority's opinion, I write separately to explain why the plain language of OCGA § 35-3-37 does not support the conclusion reached by the dissent.

With respect to Nasir's request to restrict his criminal record under OCGA § 35-3-37, our law generally provides public access to "criminal history record information," which is defined in OCGA § 35-3-30 (4) (A) as "information collected by criminal justice agencies on individuals consisting of identifiable descriptions and notations of arrests, detentions, indictments, accusations, information, or other formal charges, and *any disposition* arising therefrom, sentencing, correctional supervision,

and release." (Emphasis supplied.) See OCGA §§ 35-3-34; 35-3-35. Clearly, Nasir's nolo plea and the sentence imposed thereon constitute a "disposition" arising from the charges against him.

While access to criminal history information is broadly granted, the primary statute restricting access[1] is very specific, and in order to determine if access should or may be restricted, we must look to the specific provisions of the statute that provide for restricted access. See OCGA § 35-3-37;[2] *Mosley v. Lowe*, 298 Ga. 363, 364 (1) (782 SE2d 43) (2016). As summarized by our Supreme Court:

> Under the current version of OCGA § 35-3-37, individuals are afforded the right to automatic restriction of their "criminal history record information" pertaining to most arrests ultimately ending in non-conviction. OCGA § 35-3-37 (h). As compared to expungement under

---

[1] Pursuant to OCGA § 35-3-37 (a) (6), records that are "restricted" are "available only to judicial officials and criminal justice agencies for law enforcement or criminal investigative purposes or to criminal justice agencies for purposes of employment" and are prohibited from being "disclosed or otherwise made available to any private persons or businesses."

[2] We note that OCGA §§ 35-3-34 and 35-3-35 also provide for certain criminal history records to be shielded, including records of individuals discharged under our first offender statute and the prosecution records of cases assigned to accountability courts when it is contemplated that the charges will be dismissed or nolle prossed upon successful completion of the program, as set out in OCGA § 42-8-62.1 and OCGA § 15-1-20, respectively. Nasir has not asserted these statutes as grounds for the relief he requests.

2

prior law, restriction is thus available as to a broader range of criminal
dispositions, with fewer exceptions. Compare OCGA § 35-3-37 (h)-(j),
with former OCGA § 35-3-37 (d) (2012). In addition, record restriction
generally takes effect automatically as to eligible arrests, see OCGA §
35-3-37 (h) ("[a]ccess shall be restricted by the [GCIC]"), whereas
expungement was accomplished only by request, see former OCGA §
35-3-37 (d) (1) (2012) (individual "may request" expungement).

(Footnotes omitted.) *Mosley*, 298 Ga. at 364-65. Thus, the majority properly focused

its inquiry on whether Nasir has stated a claim to restrict his criminal record under

OCGA § 35-3-37 (h) through (j).

The first and overarching principle of statutory construction is that when

construing a statute, "we look at its terms, giving words their plain and ordinary

meaning, and where the plain language of a statute is clear and susceptible of only

one reasonable construction, we must construe the statute according to its terms."

(Citation and punctuation omitted.) *Mahalo Investments III, LLC v. First Citizens*

*Bank & Trust Co.*, 330 Ga. App. 737, 738 (769 SE2d 154) (2015). In other words,"[i]f

the statutory text is clear and unambiguous, we attribute to the statute its plain

meaning, and our search for statutory meaning is at an end." (Citation and

punctuation omitted.) *Nguyen v. Southwestern Emergency Physicians, P.C.*, 298 Ga.

75, 79 (2) (a) (779 SE2d 334) (2015).

3

The dissent finds that Nasir may petition to restrict his criminal record under OCGA § 35-3-37 (h) (2) (A)[3] and (i) (1) (A)[4] purportedly because these provisions do not "clearly prohibit Nasir – who entered a nolo contendere plea to a single count of misdemeanor theft and had the remaining counts nolle prossed – from obtaining relief." That is not what the text of subsection (h) (2) (A) provides, which is that a criminal history record is restricted only when "all charges" are dismissed, not some of the charges as in Nasir's case. The dissent then turns to the legislative intent in allowing defendants to enter nolo contendere pleas and finds that because a nolo plea does not qualify as a conviction under subsection (i), Nasir is entitled to relief. Again,

---

[3] Subsection (h) (2) (A) provides for restricted access where "[e]xcept as provided in section (i) of this Code section, all charges were dismissed or nolle prossed[.]"

[4] OCGA § 35-3-37 (i) (1) (A) in turn provides:

After the filing of an indictment or accusation, an individual's criminal history record information *shall not be restricted* if: (1) The charges were nolle prossed or otherwise dismissed because: (A) Of a plea agreement resulting in a conviction of the individual for an offense arising out of the same underlying transaction or occurrence as the conviction.

(Emphasis supplied.)

4

the text of subsection (i) is directly opposite to the dissent's conclusion as that provision only speaks of circumstances when a criminal history record "shall not be restricted." See *Mosley*, 298 Ga. at 366 (3) (explaining that subsection (i) describes "disqualifying exceptions" to the record restriction provisions set out in subsection (h) (2) (A)).

The dissent's error stems from going beyond the plain language of the text of the statute, which is only susceptible to one reasonable interpretation, and its analysis exemplifies why it is important to apply the rules of statutory construction in a principled way. If the plain language of the text of the statute is only susceptible to one reasonable interpretation, a court need not resort to other rules of construction such as construing statutory language to avoid surplusage. See *Nguyen*, 298 Ga. at 79. That is because resorting to other rules of statutory construction in the absence of ambiguity may create ambiguities where none exist. See *Mahalo*, 330 Ga. App. at 739. In failing to apply this bedrock principle of statutory construction, the dissent was led astray to reach the absurd result that "all charges" means "some of the charges," and the criminal record "shall not be restricted" becomes "shall be restricted." See OCGA § 35-3-37 (h) (2) (A) and (i) (1) (A).

5

Nor do I believe that the dissent's conclusion can be saved by some notion that restricting the record effectuates legislative intent. Although it is true that in construing statutes, we have been directed to seek to effectuate the intent of the legislature,[5] that does not mean that the Court is permitted to "rewrite statutes to promote policies that are not expressed in that legislation – much less read into a statute a policy that contradicts the text of the law and is derived without citation to any other source." *Anthony v. American General Financial Svcs., Inc.*, 287 Ga. 448, 450 (697 SE2d 166) (2010). We are bound to effectuate the intent of the legislature as expressed in the words and language of the text that the legislature has deemed to enact.[6] See *Mahalo*, 330 Ga. App. at 737.

For these additional reasons, I join in the majority's opinion that Nasir's claim for restriction of his criminal record was properly dismissed.

---

[5] See *Lue v. Eady*, 297 Ga. 321, 332 (773 SE2d 679) (2015); *Abdel-Samed v. Dailey*, 294 Ga. 758, 763 (2) (755 SE2d 805) (2014); *Hankla v. Postell*, 293 Ga. 692, 695 (749 SE2d 726) (2013).

[6] Thus, the dissent improperly relies on the "Final Report of the Senate Expungement Reform Study Committee (2013)" to discern the spirit and intent of the legislation. See *Merritt v. State*, 286 Ga. 650, 656-57 (690 SE2d 835) (2010) (Nahmias, J., concurring specially) (questioning "how the 'intention' of a multi-member legislative body is to be determined, if not from the text of the laws that it actually passed").

I am authorized to state that Presiding Judge Dillard and Judge Branch join in this opinion.

A16A1611. NASIR v. GWINNETT COUNTY STATE COURT, et al.

MILLER, Presiding Judge, dissenting in part.

Countless ordinary people enter misdemeanor nolo contendere pleas every day expecting to be able to move past their mistakes and be productive members of society. I, therefore, cannot agree that Nasir is prohibited from having his criminal records restricted under OCGA § 35-3-37. Nasir is precisely the type of person that this statute is intended to protect, and I am deeply concerned about the message this case sends to the public. The majority's narrow reading of the statute essentially eviscerates any benefit Nasir – or any defendant in this situation – can obtain from entering a nolo contendere plea. In enacting the recent amendments to OCGA § 35-3-37, the Georgia legislature intended to expand the rights of individuals to restrict

access to their criminal records so they could put their mistakes behind them and be afforded a second chance. *Mosley v. Lowe*, 298 Ga. 363, 365 (1) (782 SE2d 43) (2016). Importantly, in commenting on amendments to record restriction in Georgia, our legislature expressed the concern that criminal charges can "negatively impact many areas of life, including a person's finances, career opportunities, domestic relations, and access to housing." Final Report of the Senate Expungement Reform Study Committee (2013). A defendant who is considering a nolo contendere plea must now think twice before entering one. For the reasons contained herein, I respectfully dissent.

The language in OCGA § 35-3-37 (h) (2) (A), provides that access to criminal records is restricted where "all charges were dismissed or nolle prossed[.]" OCGA § 35-3-37 (h) (2) (A) (2013). This language, however, is modified by subsection (i), which provides that

> [a]fter the filing of an indictment or accusation, an individual's criminal history record information shall not be restricted if: (1) The charges were nolle prossed or otherwise dismissed because: (A) Of a plea agreement resulting in a *conviction* of the individual for an offense arising out of the same underlying transaction or occurrence as the conviction[.]

2

(Emphasis supplied.) OCGA § 35-3-37 (i) (1) (A) (2013). In construing this statute, we must read the different sections "in a consistent and harmonious manner, in the context of the entire scheme of the statute and in an attempt to gather the legislative intent from the statute as a whole." *Mooney v. Webster*, __ Ga. __ * 36 (794 SE2d 31) (Case No. S16Q0895, decided November 21, 2016). Moreover, we must read OCGA § 35-3-37 in a manner that does not render the language in subsection (i) surplusage. *Kennedy v. Carlton*, 294 Ga, 576, 578 (2) (757 SE2d 46) (2014).

When the statute is read in its entirety, I would find that it does not clearly prohibit Nasir – who entered a nolo contendere plea to a single count of misdemeanor theft and had the remaining counts nolle prossed – from obtaining relief. See The Georgia Justice Project, "Collateral Consequences of Arrests and Convictions: Policy and Law in Georgia," Dennard & DiCarlo, at 31 (2008) ("[a]lthough framed in terms of the circumstances under which an individual's record may not be expunged, the [statute] clearly denotes that absent these circumstances an individual is entitled to expungement[.]").

I would find that Nasir is entitled to relief because his nolo contendere plea does not qualify as a *conviction* as contemplated under OCGA § 35-3-37 (i). Notably, under OCGA § 17-7-95 (c),

3

[e]xcept as otherwise provided by law, a plea of nolo contendere shall not be used against the defendant in any other court or proceedings as an admission of guilt or otherwise or for *any purpose*; and the plea shall not be deemed a plea of guilty for the purpose of effecting any civil disqualification of the defendant[.]

(Emphasis supplied.) A nolo contendere plea is designed to enable a defendant to avoid the harsh penalties associated with a guilty plea and it *cannot* work any civil disqualification against the defendant. See *Fortson v. Hopper*, 242 Ga. 81, 82-83 (247 SE2d 875) (1978); OCGA § 17-7-95. Indeed, a nolo contendere plea cannot be used to establish a probation violation, impeach a witness, or revoke a license. See *Bolden v. State*, 275 Ga. 180 (563 SE2d 858) (2002); *Pitmon v. State*, 265 Ga. App. 655, 659 (2) (595 SE2d 360) (2004); *Nelson v. State*, 87 Ga. App. 644, 648-649 (75 SE2d 39) (1953).

Importantly, the plain language of OCGA § 17-7-95 prohibits the use of a nolo contendere plea against a defendant in any other proceeding unless otherwise provided by law, and OCGA § 35-3-37 does not expressly provide that a nolo contendere plea constitutes a conviction. Using Nasir's plea in this manner to prevent restrictions on access to his criminal records under OCGA § 35-3-37 would

4

effectively use the nolo contendere plea *against* Nasir, which OCGA § 17-7-95 (c) expressly forbids. *Bolden v. State*, 275 Ga. 180 (563 SE2d 858) (2002).

Moreover, the Supreme Court of Georgia explained that the amendments were enacted to expand the eligibility for relief, and therefore requests to restrict access to records that pre-date the amendments should nevertheless be "assessed against the expanded eligibility criteria of the amended law." *Mosley*, supra, 298 Ga. at 365 (1). Thus, to find Nasir eligible for relief is consistent with the legislature's intent to allow people who enter a nolo contendere plea under certain circumstances to be able to seek restrictions on access to their criminal records and put their mistakes behind them. Furthermore, this policy enables ordinary people to rehabilitate their background for their own purposes, including a need to obtain gainful employment. It is not difficult to reconcile the statutory provisions when we read the statute in its entirety and consider it along with the important public policy concerns our legislature has identified. I would invite the legislature and/or the Supreme Court of Georgia to revisit this issue to address the public interest. Therefore, I would find that Nasir is eligible to have his criminal records restricted under OCGA § 35-3-37.