**FIFTH DIVISION
MCFADDEN, P. J.,
BRANCH and BETHEL, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**March 15, 2018**

# In the Court of Appeals of Georgia

A17A1809. BEASLEY v. THE STATE.

MCFADDEN, Presiding Judge.

Keith Malik Beasley was indicted for felony theft by shoplifting. He appeals the denial of his motion to quash and special demurrer, arguing that his prior nolo contendere plea to shoplifting was not a conviction for purposes of the sentencing provision of the shoplifting statute and therefore that he cannot be found guilty of a felony in this case. We agree and reverse.[1]

Beasley was charged with theft by shoplifting and giving a false name and date of birth. The indictment informed Beasley that he was being charged with felony theft

---

[1]We have circulated this decision among all nondisqualified judges of the Court to consider whether this case should be passed upon by all members of the Court. Fewer than the required number of judges, however, voted in favor of a hearing en banc on the question of overruling *Spinner v. State*, 263 Ga. App. 802 (589 SE2d 344) (2003) and *James v. State*, 209 Ga. App. 389,390 (2) (433 SE2d 700) (1993).

by shoplifting under OCGA § 16-8-14 (b) (1) (c) because he had three prior convictions of theft by shoplifting. Beasley filed a motion to quash and special demurrer, arguing that he could not be charged with felony theft by shoplifting because one of his prior charges was resolved by a plea of nolo contendere. The trial court denied Beasley's motion. We granted Beasley's application for interlocutory appeal, and this appeal followed.

Beasley does not contest that he has two prior shoplifting convictions for purposes of the statute. But he argues that his plea of nolo contendere cannot be used as a third conviction since the shoplifting statute does not explicitly allow the use of a plea of nolo contendere. We agree. Beasley's argument is supported by the plain language of the statutes at issue.

Our analysis turns on current and former versions of the presentence hearing, recidivism, and nolo contendere statutes. The relevant parts of those statutes are set out in the margin.[2]

---

[2]**The presentence hearing statute**:

In 1982, former Code Ann. § 27-2503 (a), provided in part:

Except in cases in which the death penalty may be imposed, upon the return of a verdict of "guilty" by the jury in any felony case, the judge

2

shall dismiss the jury and shall conduct a presentence hearing at which the only issue shall be the determination of punishment to be imposed. In such hearing the judge shall hear additional evidence in extenuation, mitigation, and aggravation of punishment, *including the record of any prior criminal convictions and pleas of guilty or pleas of nolo contendere of the defendant*, or the absence of any prior conviction and pleas. . . .

(Emphasis supplied.) The identical language is now found at OCGA § 17-10-2 (a) (1).

**The recidivism statutes**:

In 1982, former Code Ann. § 27-2511 provided in part:

If any person who has been convicted of an offense and sentenced to confinement and labor in the penitentiary shall afterwards commit a crime punishable by confinement and labor in the penitentiary, he shall be sentenced to undergo the longest period of time and labor prescribed for the punishment of the offense of which he stands convicted: Provided, however, any person who, after having been three times convicted under the laws of this State of felonies, or under the laws of any other State or of the United States, of crimes which, if committed within this State would be felonies, commits a felony within this State other than a capital felony, must, upon conviction of such fourth offense, or of subsequent offenses, serve the maximum time provided in the sentence of the judge based upon such conviction, and shall not be eligible for parole until the maximum sentence has been served.

3

The relevant sections of OCGA § 17-10-7 now provide:

> (a) Except as otherwise provided in subsection (b) or (b.1) of this Code section, any person who, after having been convicted of a felony offense in this state or having been convicted under the laws of any other state or of the United States of a crime which if committed within this state would be a felony and sentenced to confinement in a penal institution, commits a felony punishable by confinement in a penal institution shall be sentenced to undergo the longest period of time prescribed for the punishment of the subsequent offense of which he or she stands convicted, provided that, unless otherwise provided by law, the trial judge may, in his or her discretion, probate or suspend the maximum sentence prescribed for the offense.

. . .

> (c) Except as otherwise provided in subsection (b) or (b.1) of this Code section and subsection (b) of Code Section 42-9-45, any person who, after having been convicted under the laws of this state for three felonies or having been convicted under the laws of any other state or of the United States of three crimes which if committed within this state would be felonies, commits a felony within this state shall, upon conviction for such fourth offense or for subsequent offenses, serve the maximum time provided in the sentence of the judge based upon such conviction and shall not be eligible for parole until the maximum sentence has been served.

4

**The nolo contendere statutes:**

In *Miller v. State*, 162 Ga. App. 730, 732-734 (4) (b) (292 SE2d 102) (1982), overruled in part on other grounds in *Matthews v. State*, 268 Ga. 798, 803 (4) (493 SE2d 136) (1997), discussed infra, we addressed as an issue of first impression "whether a plea of nolo contendere may be used to prove a charge of recidivism." At that time, former Code Ann. § 27-1410 provided:

Such plea of nolo contendere shall not be used against the defendant in any other court or proceedings as an admission of guilt, or otherwise, or for any purpose, and such plea shall not be deemed a plea of guilty for the purpose of effecting any civil disqualification of the defendant to hold public office, to vote, to serve upon any jury, or any other civil disqualification now imposed upon a person convicted of any offense under the laws of the State, and said plea shall be deemed and held to be jeopardy of the defendant within the meaning of Article I, Section I, Paragraph XV of the Constitution of the State of Georgia of 1976 after sentence has been imposed.

That provision is now found at OCGA § 17-7-95 (c):

*Except as otherwise provided by law*, a plea of nolo contendere shall not be used against the defendant in any other court or proceedings as an admission of guilt or otherwise or for any purpose; and the plea shall not be deemed a plea of guilty for the purpose of effecting any civil disqualification of the defendant to hold public office, to vote, to serve upon any jury, or any other civil disqualification imposed upon a person convicted of any offense under the laws of this state. The plea shall be

5

The nolo contendere statute directs, "Except as otherwise provided by law, a plea of nolo contendere shall not be used against the defendant in any other court or proceedings as an admission of guilt or otherwise or for any purpose. . . ." OCGA § 17-7-95 (c). The sentencing provision in the theft by shoplifting statute does not otherwise provide: "Upon conviction of a fourth or subsequent offense for shoplifting, where the prior convictions are either felonies or misdemeanors, or any combination of felonies and misdemeanors, as defined by this Code section, the defendant commits a felony . . . ." OCGA § 16-8-14 (b) (1) (C). So the relevant

---

deemed and held to put the defendant in jeopardy within the meaning of Article I, Section I, Paragraph XVIII of the Constitution of this state after sentence has been imposed.

(Emphasis supplied.)

sentencing provision does not provide that a plea of nolo contendere counts as a conviction.

The applicable statutory definition of "conviction" does not otherwise provide either. The definition of "conviction" generally applicable under Title 16, Crimes and Offenses, provides, "'Conviction' includes a final judgment of conviction entered upon a verdict or finding of guilty of a crime or upon a plea of guilty." There are, as detailed in the margin, additional or superceding definitions of "conviction" in the statutes regarding a number of offenses.[3] But "conviction" does not appear in the definitions provision of the statutes regarding theft, OCGA §§ 16-8-1 through 16-8-23.

---

[3]OCGA § 16-6-13 (b) (3) (including pleas of nolo contendere as convictions for some purposes in statutes involving keeping a place of prostitution, pimping, and pandering); OCGA § 16-7-80 (3) (defining "conviction" to include pleas of nolo contendere for purposes of article concerning crimes involving bombs, explosives, and chemical and biological weapons); OCGA § 16-9-20 (f) (2) (defining "conviction" to include pleas of nolo contendere for purposes of deposit account fraud statute); OCGA § 16-12-24 (b) (1) (B) (defining "conviction" to include pleas of nolo contendere to a felony for purposes of possession of gambling device statute); OCGA § 16-13-110 (a) (2) (defining "conviction" to include pleas of nolo contendere for purposes of article concerning licensed persons' offenses involving controlled substances or marijuana); OCGA § 40-5-121 (providing that certain nolo contendere pleas count as convictions for the purposes of the statute prohibiting driving on a suspended or revoked license); OCGA § 40-6-391 (c) (including consideration of pleas of nolo contendere for sentencing purposes for driving under the influence convictions).

7

So under the plain language of the applicable statutes, a nolo contendere plea does not count as a prior conviction for sentencing purposes under the theft by shoplifting statute. See *Corbitt v. State*, 190 Ga. App. 509, 509 (1) (379 SE2d 535) (1989) (under the plain language of the nolo contendere statute, a defendant's plea of nolo contendere cannot be admitted as a similar transaction); *Beal v. Braunecker*, 185 Ga. App. 429, 432 (2) (364 SE2d 308) (1987) (under the plain language of the nolo contendere statute, a defendant's plea of nolo contendere is not admissible to support a plaintiff's claim for punitive damages).

While we "have sanctioned the use of past nolo contendere pleas for sentencing purposes under recidivist statutes, we have not approved such use when proof of the prior conviction is an element of the crime." *Blackmon v. State*, 266 Ga. App. 877, 879 (598 SE2d 542) (2004). But the first clause of that sentence is inconsistent with subsequent Supreme Court of Georgia authority. The qualification in *Blackmon* is the controlling principle today. Our Supreme Court has since clarified that "any fact that serves to enhance a mandatory minimum sentence is an element of the crime . . . ." *Jeffrey v. State*, 296 Ga. 713, 718 (3) (770 SE2d 585) (2015) (overruling prior decision that held that "the family violence aspect of [an] aggravated assault — which elevates the mandatory minimum sentence from one year to three years — was merely

8

a sentencing factor and not an element of the aggravated assault offense") (citations and emphasis omitted).

So the prior shoplifting convictions that would elevate Beasley's mandatory minimum sentence — to a year's imprisonment from 30 days imprisonment, 120 days confinement in a community correctional facility, or 120 days house arrest (compare subsections (b) (1) (B) and (b) (1) (C) of OCGA § 16-8-14) — are not merely sentencing factors but are an element of the shoplifting offense. Because "we have not approved [the use of nolo contendere pleas] when proof of the prior conviction is an element of the crime," *Blackmon*, supra, 266 Ga. App. at 879, the state may not use Beasley's nolo contendere plea to shoplifting to elevate the current case to a felony.

The state understandably relies on *Spinner v. State*, 263 Ga. App. 802 (589 SE2d 344) (2003). But *Spinner* must be overruled. In *Spinner*, we held that the defendant's prior nolo contendere plea to family-violence battery could be used to enhance his sentence to felony status for his current conviction of family-violence battery. Id. *Spinner* depended on the rationale our Supreme Court overruled in *Jeffrey*, supra, that is, that "[p]roof of the prior conviction is not an element of the crime" of felony family-violence battery. *Spinner* at 803 (citation omitted).

*Spinner* also relied on *James v. State*, 209 Ga. App. 389, 390 (2) (433 SE2d 700) (1993), citing it as support for the proposition that "with respect to [a] conviction under recidivist statutes, the law does recognize that a nolo plea can constitute proof of a prior conviction." *Spinner*, supra at 804 (citation omitted). But Division 2 of *James* must be overruled because, as we explain above, the plain language of the statutes demands otherwise.

*James* in turn mistakenly relies on *Miller v. State*, 162 Ga. App. 730, 732-734 (4) (b) (292 SE2d 102) (1982), overruled in part on other grounds in *Matthews v. State*, 268 Ga. 798, 803 (4) (493 SE2d 136) (1997). *James*'s reliance on *Miller* is misplaced because *Miller* was decided on the basis of implicit legislative intent and this court's view of "the public interest" in subjecting persons like Miller to "the maximum incarceration," 162 Ga. App. 730, rather than the text of the statutes at issue.

*James* involved the issue of whether a defendant's prior plea of nolo contendere to selling cocaine could be used to enhance his sentence for a current conviction of selling cocaine under OCGA § 16-13-30 (d) of the Controlled Substances Act. Relying on *Miller*, 162 Ga. App. at 732-734 (4) (b), without other analysis, *James* simply stated that "this court previously has sanctioned the use of

10

convictions resulting from pleas of nolo contendere in sentencing under recidivist statutes." *James*, 209 Ga. App. at 390 (2) (citations omitted).

In *Miller*, we had addressed as an issue of first impression "whether a plea of nolo contendere may be used to prove a charge of recidivism" under the version of the recidivism statute then in effect. *Miller*, 162 Ga. App at 732 (4) (b) (construing former Code Ann. § 27-2511 (current version at OCGA § 17-10-7)).

We observed that the statute regarding presentence hearings in felony cases, former Code Ann. § 27-2503 (a), now OCGA § 17-10-2 (a) (1), expressly allows the judge to consider evidence of the accused's nolo contendere pleas in aggravation of punishment. *Miller*, 162 Ga. App. at 733 (4) (b). We reasoned that the purpose of both the presentence hearing statute and the recidivism statute "is to see that prior convictions are presented at sentencing so that the proper punishment may be imposed." Id. at 734 (4) (b) (citations omitted). Thus we concluded that "if the courts may consider nolo pleas in aggravation of punishment, surely justice requires allowing evidence of such convictions to prove recidivism." Id.

But in *Miller*, we overlooked the difference in the language between the presentence hearing statute and the recidivism statute as well as the plain language of the nolo contendere statute. The presentence hearing statute, in both the former and

11

current versions, Code Ann. § 27-2503 (a) and OCGA § 17-10-2 (a) (1), expressly provides that a court may consider nolo contendere pleas in sentencing. But the recidivism statute does not so provide — in either the former or current version. Former Code Ann. § 27-2511; OCGA § 17-10-7. And the nolo contendere statute, in both former and current versions, provides that such pleas "*shall not be used* against the defendant in any other court or proceedings as an admission of guilt, or otherwise, or for any purpose. . . ." Former Code Ann. § 27-1410; OCGA § 17-7-95 (c) (emphasis supplied).

Although we doubt that *Miller* was correctly decided, that issue is not squarely before us. Regardless *Miller* cannot support the conclusion in *James* that a trial court may consider a plea of nolo contendere to enhance a sentence simply because "this court previously has sanctioned the use of convictions resulting from pleas of nolo contendere in sentencing under recidivist statutes." *James*, 209 Ga. App. at 390 (2) (citations omitted). For these reasons, we overrule *James* to the extent it so holds. We also overrule *Spinner* to the extent it relies on *James*.

In accordance with the plain language of the relevant statutes and because "any fact that serves to enhance a mandatory minimum sentence is an element of the crime," *Jeffrey*, 296 Ga. at 718 (3), and nolo contendere pleas cannot be used when

12

proof of a prior conviction is an element of the crime, we hold that the trial court erred in finding that the state may use Beasley's nolo contendere plea to shoplifting to enhance the current shoplifting charge to felony status.

*Judgment reversed. Branch and Bethel, JJ., concur specially.**

**\*THIS OPINION IS PHYSICAL PRECEDENT ONLY. COURT OF APPEALS RULE 33.2.**

A17A1809.  BEASLEY v. THE STATE.

BRANCH, Judge, concurring specially.

Although I do not agree with all that is said in the majority opinion, I do agree that this Court's opinions in *Spinner v. State*, 263 Ga. App. 802 (589 SE2d 344) (2003), and *James v. State*, 209 Ga. App. 389, 390 (2) (433 SE2d 700) (1993), should be overruled and that the trial court's denial of Beasley's motion to quash and special demurrer should be reversed.

A17A1809.  BEASLEY v. THE STATE.

BETHEL, Judge, concurring specially.

I agree that the trial court's denial of Beasley's motion to quash and special demurrer as to his charge for felony theft by shoplifting must be reversed.  Moreover, while I do not agree with all that is stated in the majority opinion, in light of our Supreme Court's holding in *Jeffrey*, our holding in *Blackmon*, and the plain language of OCGA § 17-7-95 (c), I agree with my colleagues that this Court's opinion in *Spinner v. State*, 263 Ga. App. 802 (589 SE2d 344) (2003) and Division 2 of its opinion *James v. State*, 209 Ga. App. 389 (433 SE2d 700) (1993) should be explicitly overruled.  Such action by this Court is required in order to give effect to the legislature's clear statement that a defendant can be convicted of felony theft by shoplifting only when he or she has three or more prior *convictions* for shoplifting. OCGA § 16-8-14 (b) (1) (C).