# Court of Appeals
# of the State of Georgia

ATLANTA,  March 05, 2019

*The Court of Appeals hereby passes the following order:*

**A19A1445.  LUKE CUNNINGHAM v. THE STATE.**

On July 18, 2001, Luke Cunningham pled guilty to theft by receiving and was sentenced to 12 months of probation. In May 2012, Cunningham filed a pro se motion to vacate or expunge his conviction on the ground that it was adversely affecting his immigration status.[1] On June 4, 2012, the trial court denied the motion. Eighteen days later, on June 22, 2012, Cunningham filed a notice of appeal from "the decision entered on July 18, 2001." We lack jurisdiction.

To the extent Cunningham seeks to appeal his July 18, 2001 conviction and sentence, his notice of appeal was not timely filed. A notice of appeal must be filed within 30 days after entry of an appealable order. OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court. *Rowland v. State*, 264 Ga. 872, 872 (1) (452 SE2d 756) (1995). Cunningham's notice of appeal was untimely as to his conviction and sentence because it was filed nearly 11 years later.

To the extent Cunningham seeks to appeal the June 4, 2012 order denying his motion to vacate or expunge his conviction, "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case," *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009), and any appeal from an order denying or dismissing such a motion must be dismissed, see id. at 218 (2); see also

---

[1] Earlier in 2012, Cunningham had filed a motion to vacate his sentence, which the trial court interpreted as a motion to withdraw his guilty plea and dismissed as untimely. Cunningham did not appeal from that order.

*Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010).[2]

Because Cunningham's notice of appeal was not timely filed from any appealable judgment, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   03/05/2019*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

[2] OCGA § 35-3-37 permits individuals to petition appropriate law enforcement agencies or the superior court to restrict public access to criminal records under certain limited circumstances, and to file appeals from adverse rulings. See generally *Mosley v. Lowe*, 298 Ga. 363, 364-365 (1) (782 SE2d 43) (2016); *Nasir v. Gwinnett County State Court*, 341 Ga. App. 63, 64-65 (1) (798 SE2d 695) (2017). However, Cunningham did not follow the statutory procedure, and we are not at liberty to construe a motion filed in his criminal case as a petition for record restriction brought under OCGA § 35-3-37.