**FOURTH DIVISION**
**DOYLE, P. J.,**
**COOMER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**February 5, 2020**

# In the Court of Appeals of Georgia

A19A2229. MILLER v. THE STATE.                              MA-084C

MARKLE, Judge.

Orlando Miller was sentenced as a recidivist under OCGA § 17-10-7 (a) and (c) following entry of his non-negotiated plea to the charge of failure to register as a sex offender (OCGA § 42-1-12 (e) and (f)). On appeal, Miller challenges his recidivist sentence, alleging that the trial court erred in (1) considering his nolo contendere plea to a prior charge, and (2) admitting and considering two of the State's exhibits. After a thorough review of the record, we conclude that the trial court erred in considering Miller's nolo contendere plea as proof of a prior conviction under the

recidivist statute. Therefore, we vacate the sentence and remand the case for re-sentencing consistent with this opinion.[1]

The record shows that, in July 2018, Miller was charged with failure to register as a sex offender with the Clarke County sheriff's office following a 1988 California conviction for rape. Prior to sentencing, the State filed its notice of intent to seek recidivist sentencing based on Miller's prior convictions for a previous failure to register as a sex offender in Georgia, for his California conviction for rape, and a burglary charge to which he had entered a nolo contendere plea.[2]

At the plea hearing, the State introduced the prior California felony convictions, to which the defense objected on grounds that the exhibits were not properly certified. The trial court admitted both exhibits over objection. Miller then entered a non-negotiated guilty plea, and was sentenced as a recidivist under OCGA

---

[1] We have circulated this decision among all nondisqualified judges of the Court to consider whether this case should be passed upon by all members of the Court. Fewer than the required number of judges, however, voted in favor of considering the case en banc.

[2] This charge, for which Miller was previously on probation, was admitted without objection. At a subsequent revocation hearing, the trial court revoked three years of Miller's probation. He does not challenge this on appeal.

§ 17-10-7 (a) and (c) to twenty years, to serve the first five years in confinement and five years of probation suspended. This appeal followed.

1. Miller argues that the trial court erred in considering his nolo contendere plea to the California burglary charge in sentencing him as a recidivist under OCGA § 17-10-7 (c). Specifically, Miller argues that the Court's recent decision in *Beasley v. State*, 345 Ga. App. 247 (812 SE2d 561) (2018) suggests that a nolo contendere plea does not count as a prior conviction for sentencing purposes.[3] He argues that the plain language of OCGA §§ 17-7-95 and 17-10-7 (c) indicates that such a plea cannot be used against him in sentencing him as a recidivist.[4] We agree.

---

[3] The *Beasley* panel unanimously agreed to overrule *James v. State*, 209 Ga. App. 389 (2) (433 SE2d 700) (1993) and *Spinner v. State*, 263 Ga. App. 802, 803 (589 SE2d 344) (2003), because it relied on *James*, to the extent these cases previously sanctioned the use of nolo contendere pleas in recidivist sentencing. *Beasley*, 245 Ga. App. at 252. Thus, *Beasley* is binding precedent in this regard. It is physical precedent only as to other parts of the majority opinion. See Court of Appeals Rule 33.2 (a) (1).

[4] The State argues that Miller waived this issue on appeal because he failed to object at sentencing to the use of the nolo contendere plea to sentence him under the recidivist statute. But, Miller's argument is that his sentence was void. "We are required to correct a void sentence, regardless of whether either party has raised the error on appeal." (Citation omitted.) *Hughes v. State*, 341 Ga. App. 594, 597-598 (3) (802 SE2d 30) (2017). And, a challenge that a sentence is void cannot be waived. See *State v. Hanna*, 305 Ga. 100, 103 (2) (823 SE2d 785) (2019) ("[A] sentence which is not allowed by law is void, and its illegality may not be waived.") (citation and punctuation omitted); see also *Headspeth v. State*, 266 Ga. App. 414 (c) (597 SE2d

3

"We review the trial court's interpretations of law and application of the law to the facts de novo." (Citation and punctuation omitted.) *State v. Fowle*, 348 Ga. App. 107 (819 SE2d 719) (2018).

Although we have previously sanctioned the use of convictions resulting from nolo contendere pleas in sentencing under recidivist statutes, *James v. State*, 209 Ga. App. 389 (2) (433 SE2d 700) (1993); see also *Spinner v. State*, 263 Ga. App. 802, 803 (589 SE2d 344) (2003) (citing *James*), in *Beasley*, 245 Ga. App. at 250-252, we overruled that precedent on the ground that the plain statutory language demanded that a nolo contendere plea could not be used to enhance a sentence in the absence of a legislative intent to do so. Id. at 251-252.

In *Beasley*, we evaluated whether a prior nolo contendere plea could be used to establish the offense was a felony under the theft by shoplifting statute. *Beasley*, 345 Ga. App. at 249-253. We determined that when proof of a prior conviction was an element of the crime, such a plea could not count as a prior conviction for sentencing purposes because the plain language of the relevant statutes dictated otherwise. Id. at 252-253; citing *Blackmon v. State*, 266 Ga. App. 877, 879 (598 SE2d 542) (2004). *Beasley* did not specifically overrule *Miller v. State*, 162 Ga. App. 730, 503) (2004).

4

732-734 (4) (b) (292 SE2d 102) (1982), overruled in part on other grounds in *Matthews v. State*, 268 Ga. 798, 803 (4) (812 SE2d 561) (2018). While acknowledging that *Miller* may not have been decided correctly, we determined that the issue in *Miller*, which focused primarily on the plain reading of the recidivist and nolo contendere statutes and the absence of a legislative intent to authorize the use of nolo contendere pleas for sentence enhancement, was not squarely before the *Beasley* Court. Although the use of nolo contendere pleas for recidivist sentencing was not before this Court in *Beasley*, we opined that such use would also be improper under the relevant statute. That question is squarely before us now, and we conclude that the same rationale applies to the relevant statutes in this case.

> In interpreting the statutes at issue, we are mindful that
>
> our charge as an appellate court is to presume that the General Assembly meant what it said and said what it meant. Toward that end, we must afford the statutory text its plain and ordinary meaning, consider the text contextually, read the text in its most natural and reasonable way, as an ordinary speaker of the English language would, and seek to avoid a construction that makes some language mere surplusage. Further, when the language of a statute is plain and susceptible to only one natural and reasonable construction, courts must construe the statute accordingly.

(Citations and punctuation omitted.) *Mays v. State*, 345 Ga. App. 562, 563-564 (814 SE2d 418) (2018).

Turning to the statutes at hand, OCGA § 17-10-7 (c) provides that

any person who, after having been convicted under the laws of this state for three felonies or having been convicted under the laws of any other state . . . of three crimes which if committed within this state would be felonies, commits a felony within this state shall, upon conviction for such fourth offense or for subsequent offenses, serve the maximum time provided in the sentence of the judge based upon such conviction and shall not be eligible for parole until the maximum sentence has been served.

OCGA § 17-7-95 (c) provides that

[e]xcept as otherwise provided by law, a plea of nolo contendere shall not be used against the defendant in any other court or proceedings as an admission of guilt *or otherwise or for any purpose*[.]

(emphasis supplied).[5]

When read together, the plain language of these statutes makes it clear that a nolo contendere plea does not count as a prior conviction for sentencing purposes

---

[5] We note that California recognizes the use of nolo contendere pleas. See Cal. Penal Code, § 1016 (West 1998).

6

under the recidivist statute because OCGA § 17-10-7 does not specifically so provide. We now expressly conclude that nolo contendere pleas cannot be used in sentencing under the recidivist statute.

In light of this analysis, we take this opportunity to overrule our holding in *Miller v. State*, 162 Ga. App. 730, 732-734 (4) (b) (292 SE2d 102) (1982) and *Phillips v. State*, 329 Ga. App. 279, 282 (2) (a) (764 SE2d 879) (2014), and conclude that the use of a nolo contendere plea to establish recidivist sentencing cannot stand.

In *Phillips*, which relied on *Spinner*, we considered the defendant's ineffective assistance of counsel claim and concluded that counsel's failure to object to the use of a nolo contendere plea for recidivist sentencing was not deficient performance. *Phillips*, 329 Ga. App. at 882-883 (2) (a). To the extent that *Phillips* stands for the proposition that a nolo contendere plea can be used for recidivist sentencing, it is disapproved. Thus, because we improperly allowed the use of such prior offenses in *Miller* and *Phillips* for the purpose of recidivist sentencing, these cases are overruled to the extent they suggest a rule contrary to this decision.

Accordingly, the trial court erred in considering Miller's prior California conviction for burglary in sentencing him, and we therefore vacate the sentence

imposed and remand the case to the trial court for resentencing, consistent with this opinion.

2. Miller also argues that the California convictions should not have been considered because they lacked the hallmarks of authenticity under OCGA § 24-9-922 and *Rice v. State*, 178 Ga. App. 748 (344 SE2d 720) (1986). In light of our conclusion in Division 1 that the nolo contendere plea could not be used as a predicate offense for recidivist sentencing, we need not address this argument. The recidivist statute requires three prior felony convictions; and thus, without the nolo contendere plea, Miller did not have the requisite number of convictions to trigger the provisions of OCGA § 17-10-7 (c).

*Judgment vacated, and case remanded with direction. Doyle, P. J., and Coomer, J., concur.*